### DELIGHT S. STEWART *v.* THOMAS J. STEWART et al.

To determine, under the Act to provide a homestead for the widow and children of deceased persons, approved March 17, 1832, whether they are entitled to receive any thing from the estate, the sum of their entire property is to be considered, and if it amounts to $1,000, nothing can be withdrawn from the estate, although some one minor heir or the widow may be in necessitous circumstances and not possess the $1,000.

APPEAL from the District Court of the Parish of Union, *Mayo*, J. *Regenberg & Essick*, for plaintiff. *J. T. Ludeling*, for defendants and appellants.

MERRICK, C. J. This case presents a question of construction, arising under the Act to provide a homestead for the widow and children of deceased persons, approved March 17th, 1852. Acts 1852, p. 171. The parties have agreed upon the following statement of facts, viz:

"*David Stewart* died in the parish of Union on the 23d day of January, 1853, leaving a widow, *Delight S. Stewart*, plaintiff in this case, and the following children, to wit, *Thomas J. Stewart*, *Sarah A. Stewart*, wife of *Charles Raily*, *Elizabeth Stewart*, wife of *David Pickett*, *William Stewart* and *David Stewart*. *William* and *David Stewart* were minors at the death of their said father. The said heirs were the children of said *David Stewart* by a former marriage. *Delight S. Stewart* has no children and is still a widow. Plaintiff, at the death of her said husband, was left in necessitous circumstances, and does not possess, in her own right, property to the amount of one thousand dollars; that she owns nothing except her interest in the community property, if there be any. *David Stewart* left property at his death, the exact amount of which is not ascertained yet. *William Stewart* and *David Stewart*, minors, were each worth in their own right, at the death of their father, property amounting to one thousand dollars."

The District Judge decreed the widow $1,000 and interest, subject to a credit for whatever sum of money or amount in value of property she might receive from the community, and the defendants appeal.

We are unable to arrive at the same conclusion as the District Judge, although, as we have already had occasion to remark, there is much obscurity in the statute.

If the title of the Act be observed, it is to provide a homestead for the children, as well as the widow. If the body of the Act be considered, it is apparent that but one sum is to be drawn from the estate, viz, "a sum which added to the amount of property owned by them (the widow and children), or either of them, in their own right, will make up the sum of one thousand dollars." It is not to make up one thousand dollars to each of them, but one thousand to them all. Hence, if the minor children are worth five hundred and fifty dollars, the widow would receive in usufruct only four hundred and fifty dollars ; if they were worth nine hundred and ninety dollars, the widow would receive only ten dollars.

Now, suppose the children in the present case had inherited a large estate from their mother, the first wife of the intestate, and their father's succession were unable to pay its creditors ; if plaintiff's position be correct, the widow would take $1,000 from the creditors, which, upon her death or marriage, would go to these heirs in full property, no matter how wealthy they might be, a thing which could happen only for ten dollars, if the minor children had been worth only nine hundred and ninety dollars; and thus they become enriched at the expense of their father's creditors, simply because they have less need for such assistance.

But each of the minor children, in this case, has in his own right $1,000 to provide a homestead, and the statute does not appear to contemplate more than one homestead. We, therefore, conclude, that in considering whether the widow and heirs of the deceased are entitled to receive anything from the deceased, the sum of their entire property is to be considered, and if it amounts to $1,000, nothing can be withdrawn from the estate, although some one minor heir or the widow, may be in necessitous circumstances and not possess the $1,000.

It is, therefore, ordered, adjudged and decreed by the court, that the judgment of the lower court be amended and reversed, and that there be judgment in favor of the defendants, and that the plaintiff pay the costs of both courts.

SPOFFORD, J., took no part in this case.