ROGERS, J.
This matter is before us on appeal from a judgmént on oppositions to a provisional account filed by the administratrix of the succession of Michael H. Roach.
The questions to be determined are: (1) The claim of the administratrix for $1,000 as a widow in necessitous circumstances; and '(2) the legitimation and right to inherit of the children born of the union of the de cujus and Mary O. Clement.
The judgment appealed from rejected the widow’s claim, and recognized the children^ as legal and forced heirs of the de cujus.
Mary Caroline dement, aged 13 years, and John Hickman, aged 20 years, were married about 1878 or 1879. The marriage took place, and the parties resided, in the parish of Calcasieu, which was sparsely settled .at the time. Within less than a year, the husband deserted his wife, and she returned to her mother. There was no issue of the marriage.
About a year and a half after the disappearance of Hickman, his wife and Michael H. Roach began to live together under an agreement with her mother that they would be married when legally possible. Of this in *544 formal union eight children were born. After the birth of these children, and on August 11, 1891, Mary Caroline Hickman (born Clement) and Michael H. Roach were married, and, at the same time, all of their said children were acknowledged by them and christened by the Catholic priest, who performed the marriage ceremony. The contracting parties continued to live together as husband and wife until the death of Mrs. Mary Roach (born Clement) several years thereafter. On May 7, 1915, Michael H. Roach married Mary L. Miller, the present administratrix.
The marriage of Mary C. Hickman (born Clement) and Michael H. Roach and their acknowledgment and baptism of their children were sufficient to enable the children to inherit from their father provided there was no legal impedimént existing to the marriage of the parents at the time of the conception. R. C. C. arts. 203, 204, and 919.
Opponents aver that Hieliman died long prior to the birth of any of the children, and that therefore Mrs. Hickman and Michael H. Roach were not incapable of contracting a marriage. The lower judge, i and we think correctly, found this averment to be supported by the ijaets.
It is shown by the testimony that when John Hickman left his wife, he engaged in the logging business for the Deering boys. While engaged in this work he was seriously injured and went to live with his sister in Mississippi, his original home. From letters written by this sister to Mrs. Hortman, the mother of hisi employers, and to Mrs. Mary Clement Hickman, his wife, it is shown that John Hickman died only three days after he reached home. Hickman’s death occurred about eight months after his marriage to Mary Caroline'Clement. It is true Joe Clement, a brother of Mary Caroline Roach, testified he never heard anything of the death of Hickman nor of his sister having any letter to that effect. But this testimony is only of a negative character. The witness was only about; 10 or 11 'years of age when the marriage of Hickman and his sister took place. At 13 years of age he began to work at the Locke-Moore sawmill and later worked at the tram, at which time his mother was with him while his sister was living in Loekport with Michael Roach. Clement saw Mrs. Hickman infrequently, and it is entirely possible on these occasions she either never discussed the matter with him, or, if she did, he had forgotten the conversations.
All of the children of Mary Caroline Hickman (born Clement) and Michael H. Roach were born long after the death of John Hickman, and at a time when there was no legal impediment existing to the marriage of their said parents.
Opponents sought to show that the administratrix was not lawfully married to the deceased, because she had a living husband at the time of said marriage. The administratrix testified in her own behalf that her first husband, Mike Wolf, was killed in the World War according to a letter she had received from her mother in the old country. From this testimony, the lower judge reached the conclusion that the witness was a widow at the time of her marriage to Roach. He, however, disallowed her claim for $1,000 for herself and minor child as they had received more than that amount as insurance money at the death of her second husband, Michael H. Roach.
We see'no error in the judgment appealed from, and it is therefore affirmed.
Judgment affirmed.
Rehearing refused by the WHOLE COURT.