HIGGINS, Justice.
 

 The deceased died intestate leaving a widow and five minor children and an insolvent estate. The widow qualified as the administratrix of her husband’s succession and as the natural tutrix of the five minor children, issue of their marriage. In her dual capacity, the widow received $972.82, the proceeds of an insurance policy on the life of her deceased husband, payable to his estate. In the final account, she placed herself thereon as a preferred creditor in the sum of $1,000, claiming to be the widow in necessitous circumstances.
 

 The Whitney National Bank, as a creditor of the succession, filed an opposition to the account on the ground that, as the deceased had left an insurance policy payable to his estate in the sum of $972.82, the widow could only claim from the other assets of the estate the sum of $27.18, which amount, added to the proceeds of the insurance policy, totaled $1,000, which was all that she was entitled to as a widow in necessitous circumstances.
 

 There was judgment in favor of the opponent maintaining the opposition and reducing the widow’s claim to the sum of $27.18. She has appealed.
 

 The widow contends that the proceeds of a life insurance policy payable to the estate of a deceased enure to the benefit of his heirs and are exempt from liability for any succession debt, citing Act 189 of 1914, as amended by Act 88 of 1916, Succession of Erwin, 169 La. 877, 126 So. 223, and Succession of Aronson, 168 La. 887, 123 So. 608.
 

 The opponent counters by stating that the proceeds of a policy of insurance taken out during the existence of the community of acquets and gains and payable to the estate of the deceased belong to the community and, therefore, the widow, as surviving spouse in community, would be entitled in her own right to an undivided one-
 
 *34
 
 half thereof and the children jointly to the other undivided half. The attorney for the opponent also argues that as the proceeds of the insurance policy in question are exempt from the payment of the deceased’s debts, neither the widow nor the minor children can be said to be in necessitous circumstances because, under the law, the widow and the minor children,, together, own in their own right $972.82 or only $27.18 less than the $1,000 allowed by law.
 

 The claim of the widow is predicated upon Article 3252 of the Revised Civil Code, as amended by Act 17 of the Extra Session of 1917 and Act 242 of 1918, the pertinent part of which reads, as follows: “Whenever the widow or minor children of a deceased person shall be left in necessitous circumstances, and not possess in their own rights property to the amount of one thousand dollars, the widow or the legal representatives of the children, shall be entitled to demand and receive from the succession of the deceased husband or father, a sum which added to the amount of property owned by them, or either of them, in their own right, will make up the sum of one thousand dollars, and which amount shall be paid in preference to all other debts, except those secured by the vendor’s privilege on both movables and immovables, conventional, mortgages, and expenses incurred in selling the property. The surviving widow shall have and enjoy the usufruct of the amount so received from her deceased husband’s succession, during her widowhood, which amount shall afterwards vest in and belong to the children or other descendants of the deceased husband.”
 

 Since 1858, this Court, in interpreting the above article of the Civil Code, has consistently held that there was only to be drawn from the estate a sum which, added to the amount of property owned by the widow and the children, or either of them in their own right, would total $1,000 for all of them collectively and not for each of them. Stewart v. Stewart, 13 La.Ann. 398; Heirs of McCall v. McCall, 15 La.Ann. 527; Succession of Melancon, 25 La.Ann. 535; Corner v. Bourg, 26 La. Ann. 615; Succession of Elliott v. Elliott, 31 La.Ann. 31 and Succession of Roach, 155 La. 541, 99 So. 442. Although the Legislature has met a great many times since the original statute (Act 255 of 1852) was enacted and has been apprised of the construction placed upon the provisions thereof by the court, it has not amended the law so as to give the widow and the minor children each the sum of $1,000 from the estate of the deceased spouse and parent.
 

 In the instant case, in order to grant the widow the relief sought, it would be necessary to overrule the above unbroken line of jurisprudence which has stood with legislative sanction for more than three-fourths of a century. This, of course, we shall not do as the amendment of the article of the Code is a matter which addresses itself to the discretion of the Legislature.
 

 
 *36
 
 As to the point that the minors inherited the full sum of the insurance policy ($972.82) to the exclusion of their mother, it is sufficient to say that this Court, in several cases, has held where a life insurance policy is issued to the husband during the existence of the community of acquets and gains between him and his wife and is made payable to his administrators, executors, or assigns, the proceeds thereof do not fall into his separate estate but belong to the community upon the dissolution thereof by his death. Succession of Buddig, 108 La. 406, 32 So. 361; Succession of Le Blanc, 142 La. 27, 76 So. 223, L.R.A.1917F, 1137, and Berry v. Franklin State Bank & Trust Co., 186 La. 623, 173 So. 126.
 

 Therefore, in the present case, the widow is entitled to an undivided one-half of $972.82, as the surviving spouse in community, and the other half thereof is inherited by her minor children, jointly. These funds are exempt from liability for the debts of the succession, under the express provisions of Act 189 of 1914, amended by Act 88 of Í916. The above amount is exactly $27.18 less than the $1,000 which 'the widow and children, in necessitous circumstances, are entitled to under the provisions of Article 3252 of the Revised Civil Code, as amended.
 

 For the reasons assigned, the judgment appealed from is affirmed, the court costs to be paid by the succession.