[No. 28582.   Department One.   May 1, 1942.]

LILLY M. KING, *Respondent*, v. PRUDENTIAL INSURANCE
COMPANY OF AMERICA, *Defendant*, FRANCES M.
DAVIS *et al., Appellants.*[1]

[1]Reported in 125 P. (2d) 282.

*Clay Nixon,* for appellant.

*Tyre H. Hollander,* for respondent.

MAIN, J.—This action was brought to cancel and set aside the change of beneficiary in a life insurance policy.

The plaintiff, Lilly M. King, died before the action was brought to trial, and Edna E. Jones was named executrix in her will and was substituted as party plaintiff. The defendant Prudential Insurance Company of America answered, claiming the right to make the transfer, and pleaded ratification and estoppel. The other defendants answered substantially to the same effect, except that there was the added affirmative defense in their answer that the change in beneficiary was made as compensation for services rendered. The trial to the court resulted in a judgment against the insurance company in the sum of $1,387.91, which judgment also canceled and set aside the change of beneficiary. From this judgment, the defendants, other than the insurance company, appealed. That company did not appeal.

William B. King and Lilly M. King were married in the year 1897. Edna E. Jones was then seven years old and was the daughter of Mrs. King by a prior marriage. Frances M. Davis, who will be referred to as though she were the only appellant, was a daughter of Mr. and Mrs. King. Mr. King died October 13, 1939. At the time of his death and for some years prior thereto, he had operated a small printing plant in the city of Seattle. February 18, 1920, he took out a life insurance policy with the Prudential in the amount of five thousand dollars. Mrs. King was named as

beneficiary therein. Subsequently, from time to time, he borrowed on this policy.

October 13, 1939, the beneficiary was changed so that Mrs. King would receive seventy-five dollars a month during her lifetime and the balance, if any, at her death would be paid to Mrs. Davis. At this time, the amount of the policy, less the reductions made by the loans which had not been paid, was $2,589.05. As soon after her husband's death as Mrs. King learned of the change in beneficiary, she objected to it, and would not accept the seventy-five dollars a month until her attorney advised her that that would not interfere with her right to bring an action to cancel and set aside the change in the beneficiary.

The first question to be considered is whether or not Mr. King had the right to make the change in the policy without the consent of Mrs. King. This depends upon whether the premiums were paid out of community funds. A life insurance policy, the premiums on which are paid out of community funds, constitutes community property, and the husband may not, without the consent of his wife, make a change therein, even though the policy contains a provision that he may make a change. *Occidental Life Ins. Co. v. Powers*, 192 Wash. 475, 74 P. (2d) 27, 114 A. L. R. 531; *Hanley v. Most*, 9 Wn. (2d) 429, 115 P. (2d) 933.

There is some evidence in this case that Mr. King had a small income from separate property, but, whatever this was, it was commingled with community funds and became community property; and, when the premiums were paid, they were paid out of community funds.

Mrs. Davis says that she was entitled to take under the policy, as provided for, because she had rendered services in her father's printing shop over a period of three or four years, for which she had not

been paid, and that the change of beneficiary was made for the purpose of compensating her, in part, for the value of the services she had rendered. She says that she had, beginning in 1934, spent about three hours a day in her father's place of business, and, beginning two years later, she spent more time. She testified that her father had told her, when he was contemplating the change, that he did not want to leave the entire sum to Mrs. King because he was afraid that someone would get it away from her and that she would have nothing for her support.

The services which Mrs. Davis rendered to her father, whatever they may have been, were presumed to be gratuitous, in the absence of a contract to pay, express or implied, and that presumption could not be overcome except by clear and convincing evidence. *Johnston v. Johnston,* 182 Wash. 573, 47 P. (2d) 1048. The evidence on this matter of services was far from being convincing, and fell short of overcoming the presumption of gratuity.

The statement of Mr. King, to the effect that he did not want to leave Mrs. King as the sole beneficiary because he was afraid someone might get the money all away from her and then she would have nothing for her support, is hardly consistent with the theory that there was to be compensation for the services.

At the conclusion of the trial, the trial judge, in an oral opinion delivered from the bench, stated:

"I haven't any doubt in this world that Frances [Mrs. Davis] would have gone down there and would have done everything she did or more if she had known at the start she never would get a dollar, and I don't believe that when she first went to work down there it ever occurred to her that her father was going to pay her."

■■■■■■■■■■■■■

■■■■■■■■■■■■

■ Now as to ratification: As appears above, when Mrs. King learned of the change in the beneficiary, she objected to it and would not accept the seventy-five dollars a month until advised by her attorney that her rights would not be prejudiced thereby. This unequivocally indicated an intention not to ratify, and it necessarily follows that there was no ratification.

■ As to estoppel, we see nothing in this case upon which to base an estoppel. As already appears, Mr. King had no right to make the change in beneficiary, and after his death Mrs. King had the legal right to have the change set aside. She was under no obligation to bring her action within the time that Mrs. Davis would have had a right to file a claim for services in her father's estate, in the event she would have cared to do so.

The judgment will be affirmed.

ROBINSON, C. J., MILLARD, STEINERT, and DRIVER, JJ., concur.