PATSY ALLEN V. MARY ANN BREWSTER.

No. 8156. Decided December 15, 1943.
Rehearing overruled January 12, 1944.
(176 S. W., 2d Series, 311.)

*Blakley & Armstrong,* of Dallas, for petitioner.

It was error on the part of the Court of Civil Appeals to hold that it was necessary for petitioner to have an insurable interest in the life of the insured, in order to collect on the policy of a fraternal benefit society. Martin v. McAllister, 94 Texas 567, 63 S. W. 624; Rowlet v. Mitchell, 114 S. W. 845; Jones v. Jones, 146 S. W. 265.

*Coke & Coke* and *Thos. G. Murnane,* all of Dallas, for respondent.

To be beneficiary under a policy of insurance issued by a fraternal benefit society, one must have an insurable interest in the insured. Griffin v. McCoach, 313 U. S. 498; Cheeves v. Andres, 87 Texas 287, 291; Price v. Knights of Honor, 68 Texas 361.

*J. W. Randall,* of Dallas, filed a brief as amicus curiae.

MR. JUSTICE SHARP delivered the opinion of the Court.

This suit involves the validity of a certificate issued by the Woodmen of the World Life Insurance Society, in which certicate Patsy Allen was designated beneficiary. It was contended in the trial court that Patsy Allen should be denied the right to collect the proceeds of such certificate, because she did not have an insurable interest in the life of Henry A. Brewster, the insured and a member of the Society. The trial court sustained this contention and instructed a verdict against Patsy Allen, and judgment was rendered against her, denying her the right to collect the proceeds of such certificate. The judgment of the trial court was affirmed by the Court of Civil Appeals. 172 S. W. (2d) 192. We refer to the opinion of the Court of Civil Appeals for a more detailed statement of the case. This Court granted a writ of error on the application of Patsy Allen.

In the recent case of Castillo v. Canales, 141 Texas 479, 174 S. W. (2d) 251, this Court held contrary to the holding of the trial court and the Court of Civil Appeals in this case, and declared that the law governing fraternal benefit societies authorizes a member of such a society, with the society's consent, as evidenced by its law, to name in a benefit certificate whomsoever such member pleases to designate as beneficiary, regardless of whether the beneficiary has an insurable interest in such member's life. In that case the laws relating to this question are fully discussed, and we refer to such opinion for a full discussion of the reasons for the holding of this Court in that case. The decision in that case controls this case, and the trial court and the Court of Civil Appeals erred in holding that Patsy Allen was not entitled to recover under the certificate. Therefore the judgments of the trial court and the Court of Civil Appeals are hereby reversed, and judgment is here rendered in favor of Patsy Allen for the proceeds of the certificate.

Opinion delivered December 15, 1943.

Rehearing overruled January 12, 1944.