**ETTLINGER v. CONNECTICUT GENERAL LIFE INS. CO. et al.**

No. 12005.

United States Court of Appeals
Ninth Circuit.

June 22, 1949.

Rehearing Denied Aug. 5, 1949.

---

Jacqueline Taber, Berkeley, Cal., for appellant.

M. C. Sloss, John G. Eliot, Frank H. Sloss, San Francisco, Cal., for appellees, Slevin and others.

Bacigalupi, Elkus & Salinger, San Francisco, Cal., for appellees, Straus and others.

Before DENMAN, Chief Judge, and STEPHENS and ORR, Circuit Judges.

DENMAN, Chief Judge.

This is an appeal from a decree in an action of interpleader ordering that the Connecticut General Life Insurance Company pay the proceeds of two life insurance policies on the life of Isaac Ettlinger, deceased, to Marian Ettlinger Slevin and Dorothy Ettlinger Goldstone, hereinafter called appellees, in accordance with the provisions of a trust agreement executed by Isaac Ettlinger, hereinafter called the insured.

The two policies, one for $15,000 and the other for $50,000, were issued in 1923 and 1929 respectively. The 1923 policy named the appellees, daughters of the insured, as beneficiaries. The 1929 policy named the estate of the insured as beneficiary, but in 1931 the appellees were made beneficiaries. In 1934 insured changed the beneficiaries under both policies to the Wells Fargo Bank and Union Trust Company of San Francisco as trustees, with the appellees as beneficiaries of the trust. In 1935 the insured and Clare D. Ettlinger, the appellant, were married. In 1939 a written request for change of beneficiary was executed by the insured and signed by appellant. This was a company form, and it requested that the beneficiary under the two policies mentioned above be changed to the insurance company as trustee under Trust Agreement No. TA-42316. The insured died in July, 1941, and the insurance company received the proceeds of the policies and proceeded to pay appellees monthly sums pursuant to the trust agreement until November, 1943, when appellant notified the insurance company that she claimed an interest in the policies because part of the premiums had been paid with community funds. Appellant demanded payment to her of her interest. The insurance company ceased making payments to the appellees and instituted this action to determine the rights of the conflicting claimants.

The district court found that all of the premiums, except $1,232.05, had been paid from the separate property of the insured. The court also found that appellant had signed the request for change of beneficiary in 1939 and had thereby given her consent that the proceeds of the policies be paid in the manner set forth in the beneficiary clauses of the policies as it existed at the date of insured's death. Appellant's execution of the change of beneficiary request was found to be of her own free will, and without any undue influence, fraud or misrepresentation of any person whatsoever. Appellant contends that these findings are erroneous in that they are unsupported by any evidence.

872

■ Under the California law, which is controlling in this case, Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487, the proceeds of an insurance policy on the husband's life are community property to the extent that the premiums paid were community property, unless the wife has consented in writing that the proceeds may be paid to another. Cal.Civil Code, § 172; Grimm v. Grimm, 26 Cal.2d 173, 175, 157 P.2d 841; Blethen v. Pacific Mutual Life Ins. Co., 198 Cal. 91, 101, 243 P. 431; New York Life Ins. Co. v. Bank of Italy, 60 Cal. App. 602, 214 P. 61. An unqualified assent that the proceeds of the policies be paid to the designated beneficiary is a sufficient consent in writing that the wife gives up her community interest in the policy. There would be no other reason for her signing the request, as the insured had the right to change the beneficiary at any time without her consent. The only thing he could not do is make a gift of her community interest without her consent in writing.

■ The appellant maintained before and during the trial that she did not sign the Request for Change of Beneficiary and that the signature purporting to be hers was not genuine. On the day of the trial, her answer was amended to include a claim that if the signature were hers she signed the request because of misrepresentations of her husband, the insured. At the trial, appellant testified that she did not sign the document in question, and she adhered to the denial of genuineness with great persistence. A relative who was familiar with her signature testified that it was hers, and a leading expert on disputed handwriting and questioned documents gave his opinion that it was appellant's signature. The trial judge, after examining specimens of her signature, said, "To me it is incon-

ceivable that this signature should not be hers." The finding that it was her signature is amply supported by the evidence.

■ As contended by appellees, appellant's insistence on the lack of genuineness of her signature casts grave doubt on her testimony regarding misrepresentations by her husband inducing the signature. While such inconsistency may be permissible in a pleading, when carried over on the witness stand it tends to impeach the credibility of the witness. If appellant was so certain that the purported signature was not hers, how then could she testify as to misrepresentations which induced her to sign the document? Appellant testified that the document she signed was a four page document which said "Request for Change of Beneficiary" on the cover page. The exhibit in evidence of this document consists of one page. Appellant testified she signed the third page. She asked her husband what the document covered and he replied, "It covers the release of securities held by the Wells Fargo Bank on the loan." This testimony does not refer to the document in question because this document consists of one page headed "Request for Change of Beneficiary" and is signed by appellant eight lines below the heading. In light of all appellant's testimony, keeping in mind the rule that fraud must be established by clear and convincing evidence, (see 12 Cal.Jur. 832, Fraud and Deceit, Sec. 81) we think that the court below was justified in finding that appellant did not sign the instrument under inducement of any fraud or misrepresentation. Rule 52(a) Fed.Rules Civ.Proc., 28 U.S. C.A.

■■ Appellant relies on Sections 158 [1] and 2235 [2] of the California Civil Code, which establish a presumption of undue influence of the wife by the husband in cases of transactions between themselves.

[1] Section 158: "Either husband or wife may enter into any engagement or transaction with the other, or with any other person, respecting property, which either might if unmarried; subject, in transactions between themselves, to the general rules which control the actions of persons occupying the confidential relations with each other, as defined by the title on trusts."

[2] Section 2235: "All transactions between a trustee and his beneficiary during the existence of the trust, or while the influence acquired by the trustee remains, by which he obtains any advantage from his beneficiary, are presumed to be entered into by the latter without sufficient consideration, and under undue influence."

Whether the insured exercised undue influence over appellant in getting her to sign the Request for Change of Beneficiary is a question of fact, In re Estate of Cover, 188 Cal. 133, 204 P. 583, which the trial court found adversely to appellant. In light of appellant's persistent denial of the genuineness of her signature on the instrument and appellant's testimony of her business experience prior to her marriage, the trial court was justified in finding that there was no undue influence. Under this view of the facts, it is unnecessary for us to determine whether the principle of Farmers & Merchants Bank v. De Shorb, 137 Cal. 685, 70 P. 771, makes the presumption of undue influence inapplicable.

■ Appellant contends that if she did sign the Request for Change of Beneficiary it was really a request for change of trustee, and so she cannot be deemed to have consented to the gift. This argument ignores the fact that the instrument requested that the beneficiary of two numbered policies be charged to the insurance company as trustee under a certain trust agreement. Appellant argues that she cannot be charged with constructive notice of the terms of this trust agreement, but cites no California cases holding that Section 19 of the California Civil Code does not apply to transactions between husband and wife. This section provides that "Every person who has actual notice of circumstances sufficient to put a prudent man upon inquiry as to a particular fact, has constructive notice of the fact itself in all cases in which, by prosecuting such inquiry, he might have learned such fact." Appellant did not testify that she asked her husband about the insurance policies mentioned in the Request for Change of Beneficiary, nor did she inquire about the terms of the trust agreement. We hold that Civil Code, Sec. 19 applies and that appellant had constructive knowledge of the terms of the trust agreement.

■ As the findings of fact that appellant signed the Request for Change of Beneficiary without undue influence, fraud or misrepresentation are supported by the evidence and rational inferences deduced therefrom, the conclusion of the trial court that appellant consented to the release of her community interest in the policies is correct. It is unnecessary for us to discuss the correctness of the finding respecting the amount of community funds which were applied in payment of premiums on the policies.

The judgment is affirmed.

STEPHENS, Circuit Judge, did not participate in the decision of this case.