[No. 32001.  Department Two.  July 17, 1952.]

THE NATIONAL BANK OF COMMERCE OF SEATTLE, *as Executor,*
*et al., Respondents,* v. LUTHERAN BROTHERHOOD
*et al., Defendants,* GENEVIEVE E. GAARD
PEPPER, *Appellant.*[1]

[1]Reported in 246 P. (2d) 843.

*Colvin & Williams, Harold M. Eastvold,* and *Donald K. Fleck,* for appellant.

*Helen Graham Greear* and *Hyland, Elvidge & Watt,* for respondents.

OLSON, J.—Plaintiff bank, as executor of the estate of Christopher C. Gaard, deceased, and Mayme Tangen Gaard, his surviving spouse, brought these actions to recover the proceeds of certain life insurance policies and annuities payable upon the death of the deceased. The funds in controversy, in the sum of $27,599.89, were paid into court by the insurance companies, and the actions proceeded against Genevieve Ellen Gaard Pepper, daughter of the deceased by a former marriage, the beneficiary named in the policies. The cases were consolidated for trial and appeal.

Counsel do not differentiate between premiums paid upon life insurance policies and payments for annuities or advance premium deposits, and we shall refer to them as premiums.

By his will, deceased devised and bequeathed his estate, with minor exceptions, to the executor bank, in trust, to pay the net income to his widow for life, and, upon her death, to the defendant for life (with power to invade principal for both of these beneficiaries), and, upon defendant's death, to distribute the remainder in equal shares to the living children of defendant and certain nieces and nephews of deceased.

Each of the insurance or annuity contracts was made after the marriage of the deceased and his surviving spouse. Plaintiffs allege that, because the contracts were made by the deceased husband and the premiums were funds of the marital community which deceased and his surviving spouse composed, and the defendant was named beneficiary in the contracts, all without the knowledge or consent of his wife, the transactions were unauthorized attempted gifts of community property, and the proceeds of the contracts should be paid to plaintiffs and not to defendant.

The community nature of the money used to pay the premiums was controverted by defendant, but the court instructed the jury that the funds so used were in fact community funds. The only issue submitted to the jury was whether or not the surviving spouse knew of and consented to such use of those funds.

Upon the verdicts for plaintiffs, judgments were entered which subjected the proceeds of the policies to administration and distribution in the estate of the deceased as community property. Defendant appealed.

■ She has assigned error upon certain instructions given and refused by the court. Because there was no evidence that the deceased husband had any separate funds with which he could have paid these premiums, the court correctly withdrew that issue from the jury. Upon the sole issue submitted to the jury, a verdict in plaintiffs' favor was the only one possible. Had a verdict been returned for the defendant upon the evidence in this case, it would have been the duty of the trial judge to set it aside. In such a case, it is unnecessary for us to determine whether the trial court erred in giving or refusing to give any instruction. Such error is not material. *Ellefsen v. Wilt*, 36 Wn. (2d) 56, 217 P. (2d) 318 (1950), and cases cited. *Watson v. Northern Pacific R. Co.*, 37 Wn. (2d) 374, 376, 223 P. (2d) 1057 (1950). The instructions given are the law of this case.

Defendant contends that she was limited erroneously in her proof of the nature and source of the funds with which deceased paid the premiums. The argument is

not supported by defendant's statement that the total income shown on the income tax returns of deceased and his wife during marriage does not equal the total of their expenditures for living expenses, uncontroverted gifts, premium payments, taxes, and investments during the same period. The witnesses being examined, when the proof was offered, merely received the funds paid by the deceased, but it was not disputed that he made the payments. The offered evidence, if admitted, would not have created any logical inference that the funds were either separate or community, and its rejection was proper. In any event, the income tax returns and all other items from which defendant's argument stems, were in evidence.

■ Defendant further urges that the presumption that property acquired after marriage is community property should not be applied in this case, but that here the proper presumption is that, where the husband has in his possession both community and separate funds, he pays debts from the funds with which they properly should be met. *In re Finn's Estate*, 106 Wash. 137, 140, 179 Pac. 103 (1919); see also *Jones v. Davis*, 15 Wn. (2d) 567, 569, 131 P. (2d) 433 (1942), and cases cited. There is no basis for this presumption, unless it is established that the husband had "proper" funds out of which the questioned payments could be made. As we have stated, there is no evidence that deceased had any separate funds, and the presumption cannot arise in this case.

Defendant assigns error upon the rejection of her offer to prove, by a witness who sold deceased one of the insurance policies, that the salesman told deceased that his wife's consent to the transaction should be obtained, and deceased replied that it was not necessary to do so because he had taken care of that feature. Plaintiff spouse of deceased was not present during this conversation.

■ Defendant argues that the offered evidence is admissible as an exception to the hearsay rule, as a declaration against the interest of the declarant. This exception is recognized and delineated in *Allen v. Dillard*, 15 Wn. (2d)

35, 54, 129 P. (2d) 813 (1942). See discussion of this case by Edmund M. Morgan in 5 Vanderbilt Law Review 451, 472 (1952); see also Morgan, 12 Wash. L. Rev. 1, 18 (1937). If evidence is to be admitted under this exception, it is necessary to show, among other things, that the facts stated by the absent witness were against his proprietary or pecuniary interest, and he must have believed them to be so when he made the declaration.

The statements by which defendant offered to prove the truth of the facts stated, were not against any interest of the deceased declarant when they were made, and he could not have believed them to be so. If they were made, they could only have been made to serve the interest he then had in mind, the completion of the insurance plan which plaintiffs attack in this litigation.

Its rejection, and that of other similar offers of proof, was correct and is approved, even though it may have been based upon an improper reason. *Heinlen v. Martin Miller Orchards, Inc., ante* p. 356, 358, 242 P. (2d) 1054 (1952), and cases cited.

Defendant further claims that the court erred in failing to give effect to Rem. Supp. 1947, § 45.18.44 (RCW 48.18.440), which provides in substance that the designation by a spouse of a beneficiary in an insurance policy upon his life shall create a presumption that the beneficiary is so designated with the consent of the other spouse. We need not decide whether this statute was enacted for the benefit of insurers and not in derogation of the rights of either of the spouses, as plaintiffs contend, because, in any event, the presumption which it contemplates is a rebuttable presumption of fact, which can be, and in this case was, overcome by the evidence. See *Bradley v. S. L. Savidge, Inc.,* 13 Wn. (2d) 28, 38 *et seq.,* 123 P. (2d) 780 (1942).

Defendant's counsel strenuously argue that the court evidenced an extremely prejudicial attitude toward them throughout the trial, and that it commented upon the evidence. Plaintiffs submit that the first portion of this contention arises from the effort of defense counsel to "put the

lower court on trial," because of and to conceal the lack of merit in their case. However that may be, the record discloses that it was necessary for the trial court, on occasion, to confine counsel for plaintiffs and for defendant to the issues, but on no occasion was this done in a way which indicated the prejudicial hostility which counsel claim, nor was there any abuse of the wide discretionary powers which the court has in the trial of a case.

■ ■   The only specification in defendant's brief of a comment on the evidence is not sustained by the statement of facts, as finally corrected and certified by the trial court. We are obliged to accept the record as certified by the trial court, and do so in this case. *State ex rel. Simcoe Sheep Co. v. Superior Court,* 2 Wn. (2d) 594, 601, 602, 98 P. (2d) 977 (1940); *Livermore v. Northwest Airlines,* 6 Wn. (2d) 1, 17, 18, 106 P. (2d) 578 (1940). The fact that no notice was taken or objection made at the time of the alleged comment, lends support to the correctness of the record as finally certified, and bars it from our consideration in any event. *Dennis v. McArthur,* 23 Wn. (2d) 33, 38, 158 P. (2d) 644 (1945).

Because of these conclusions, the other errors assigned by defendant are without merit.

The judgments are affirmed.

SCHWELLENBACH, C. J., HILL, HAMLEY, and GRADY, JJ., concur.