[No. 31994. Department One. October 30, 1952.]

ANTON FEISE et al., Appellants, v. ALBERT O. MUELLER et al., Respondents.[1]

Hamblen, Gilbert & Brooke, for appellants.

Thomas F. Lynch, for respondents.

GRADY, J.—This action was brought by appellants to secure a decree requiring respondents to execute and deliver a deed to a tract of real estate. The court denied the relief sought. We shall refer to appellants and respondents in the singular, in as much as Mr. Feise and Mrs. Mueller were the participants in the transaction out of which the litigation arose.

By the testimony submitted, appellant endeavored to establish what is sometimes called a "resulting trust by way of a mortgage." It has aspects of each. It is referred to in Bogert on Trusts 1367, § 455, and was applied in Borrow v. Borrow, 34 Wash. 684, 76 Pac. 305. In that case, we said:

[1] Reported in 249 P. (2d) 376.

"It is also the rule when, by verbal agreement, the purchase money for real estate is paid by one person and the conveyance is made to another, that a resulting trust arises against the person to whom the land is conveyed, in favor of the one by whom the purchase money is paid. The same rule applies when the money is merely advanced as a loan by the party taking the title."

The version of the transaction advanced by appellant was that he attended a tax sale to bid on a tract of land. Respondent and her daughter, Mrs. Mann, also attended the sale. Appellant bid fifty dollars for the acreage, but his final bid was raised by another bidder. Respondent then commenced bidding, and the tract was struck off to her for the sum of eighty dollars. Appellant, respondent and her daughter went to the office of the county treasurer. Appellant testified he was told by respondent she had made the purchase of the land for him. At the treasurer's office, it was suggested the deed name appellant as grantee, but respondent objected because of his advanced age. The deed named respondent as grantee. Later, appellant paid thirty dollars to Mrs. Mann and fifty dollars to respondent. He had a deed prepared conveying the property to him. Respondent was willing to execute the deed, but her husband refused to do so.

The version given by respondent and Mrs. Mann was that they attended the sale for the purpose of bidding on two city lots. When they observed that appellant was being outbid for the acreage, respondent started bidding. She stated she was not interested in purchasing the acreage, but "my mouth just opened once too often." Her bid of eighty dollars was accepted. Respondent and Mrs. Mann denied that appellant was told the purchase was being made for him. The Muellers had a community bank account upon which Mr. Mueller, Mrs. Mann and another daughter were authorized to draw checks. At the treasurer's office, Mrs. Mann drew two checks, one for the price of the city lots which respondent had purchased, and the other for the price of the acreage. Deeds were executed by the treasurer with respondent named as grantee. Respond-

ent admitted she was willing to sell the acreage to appellant for eighty dollars, but stated that her husband would not join in such sale.

Appellant believed that respondent had made him either a gift, advancement, or a loan of eighty dollars, though no money passed from her to him. Respondent denied the making of any agreement for a gift, advancement, or loan to appellant.

■■ The court accepted the version of respondent and decided that appellant had not sustained the burden of proof cast upon him to establish a trust or mortgage. Our examination of the record has caused us to reach the same conclusion.

The difficulty of the position of appellant based upon his own theory is that the money used for the purpose of the acreage tract at the tax sale was the community property of the Muellers. Respondent was without authority to give, advance, or loan such money to appellant or to use it for the purchase of the land for him. Respondent's husband never ratified the transaction, nor did anything that would create an estoppel on his part. He repudiated the whole transaction so far as appellant was concerned as soon as he learned what had been done, and treated the transaction as a purchase of the property for the benefit of the community. In so doing, he acted within his legal rights.

The record shows that a check for the eighty dollars paid to respondent and Mrs. Mann was tendered to appellant, but such tender was refused.

The judgment is affirmed.

SCHWELLENBACH, C. J., MALLERY, DONWORTH, and WEAVER, JJ., concur.