[No. 31729. *En Banc.* October 30, 1952.]

AETNA LIFE INSURANCE COMPANY, *Plaintiff*, v. BLANCHE A. BROCK, *Appellant*, JUNE ALVINA HARP, *Respondent*.[1]

*Wright, Booth & Beresford*, for appellant.

*Harold M. Eastvold, Colvin & Williams*, and *David J. Williams*, for respondent.

PER CURIAM.—This is an interpleader action by the Aetna Life Insurance Company asking the court to determine which of two claimants is entitled to the proceeds of a group

[1]Reported in 249 P. (2d) 383.

life insurance policy in the amount of $3,375 on the life of Perry G. Brock, who died September 6, 1949. The claimants are his daughter, June Alvina Harp, hereinafter referred to as Mrs. Harp, who was named as beneficiary in the policy, and Blanche A. Brock, his wife (who also intervened as administratrix of his estate). Mrs. Brock's claim is predicated upon the premise that the premiums on the policy were paid with community funds and that, in such a situation, under the line of Washington cases beginning with *Occidental Life Ins. Co. v. Powers,* 192 Wash. 475, 74 P. (2d) 27 (1937), 114 A. L. R. 531, a husband may not designate as beneficiary of such a policy any person other than his wife unless with her consent. (This does not preclude the designation of his estate as the beneficiary of policies paid for with community funds. *In re Towey's Estate,* 22 Wn. (2d) 212, 155 P. (2d) 273 (1945).)

It was conceded that all premiums (total, $5.25) were paid by means of deductions from the wages of Perry G. Brock while employed by the Boeing Airplane Company, and that at the time the insurance was taken out and the premiums paid he was married to Blanche A. Brock.

Mrs. Harp's primary contention was that there had been an agreement between Blanche A. Brock and Perry G. Brock whereby their respective earnings were separate property, and that, since his wages were his separate property, the premiums had been paid with his separate funds.

The case as between the two claimants went to trial before a jury. Although Mrs. Harp made some other claims in support of her right to take as beneficiary, the trial court properly concluded that they were without merit and instructed the jury:

"Therefore, the issue here which you must determine is whether the premiums on this policy were paid from separate or community property of the deceased."

To establish that the premiums were paid with separate funds, the burden was on Mrs. Harp to prove that Perry G. Brock's wages were his separate property, and the court so instructed the jury, stating:

"If you find from a fair preponderance of the evidence in this case that this man and his wife entered into an oral agreement that their respective earnings should be separate property, including the earnings from the Boeing Airplane Company, and that this agreement was in existence at the time the payments were made on this policy, then your verdict will be for the daughter, June Harp."

The jury brought in a verdict for Mrs. Harp, and a judgment was entered thereon directing payment of the $3,375 to her. Mrs. Brock appealed (individually but not as administratrix), urging that there was no evidence to establish an agreement that her earnings and those of her husband were to be separate property, and that her challenge to the sufficiency of the evidence should have been sustained or her motion for judgment notwithstanding the verdict should have been granted.

■ One member of this court felt that he was disqualified and did not sit on this case. After an *En Banc* hearing, the other eight members of the court are in accord that there was not sufficient evidence to establish the alleged agreement, that the case should not have been submitted to the jury, and that the trial court should have held as a matter of law that the premiums on the policy of insurance with which we are here concerned were paid with community funds.

■ The same eight judges are, however, evenly divided on whether the court should continue to adhere to the rule laid down in *Occidental Life Ins. Co. v. Powers, supra,* and the cases following it. There being no majority in favor of overruling those cases, they state the law applicable to the present case.

The judgment in favor of June Alvina Harp is set aside and the cause remanded with instructions to the trial court to enter a judgment in favor of Blanche A. Brock. (Whether her recovery should be individually, as the surviving member of the community, or as administratrix of the estate of Perry G. Brock is a question not presented to us.)

January 12, 1953. Petition for rehearing denied.