292 P.2d 760

Florence M. ANDERSON, Plaintiff-Respondent,

v.

IDAHO MUTUAL BENEFIT ASSOCIA-TION, an Idaho Corporation, Defendant-Appellant.

No. 8287.

Supreme Court of Idaho.

Jan. 16, 1956.

Z. Reed Millar, Boise, for appellant.

Walter M. Oros, Boise, for respondent.

TAYLOR, Chief Justice.

In 1928 Catherine White and Allen J. Cronk were married. January 19, 1932, the defendant (appellant) issued its certificate insuring the life of Catherine Cronk in the sum of $1,000 payable to Allen J. Cronk as beneficiary. February 23, 1933, defendant's secretary endorsed upon the policy the name of Florence Margaret White, as beneficiary. Florence was a daughter of the insured by a previous marriage.

The insured died July 18, 1952. Cronk, the original beneficiary, made proof of death July 24, 1952. The proceeds of the policy were paid to him by defendant July 25, 1952, without surrender of the certificate. In September, 1952, the certificate was obtained from a safe-deposit box held in the name of the insured. Thereupon, the substituted beneficiary, Florence Anderson nee White,

demanded payment from defendant, and brought this action to recover the proceeds, April 23, 1954.

Defendant filed an application to bring in Allen J. Cronk as an additional defendant, and an answer attempting to interplead him, alleging that its records did not show the change of beneficiary. Defendant further alleged that all during the time the contract was in force, Allen J. Cronk and the insured were husband and wife and that all premiums were paid from community funds; that if the plaintiff were the correct beneficiary, Allen J. Cronk, by reason of the payment of premiums from community funds, may be entitled to all or part of the proceeds; and praying that he be made a party; and that the court determine the respective rights of the parties and enter judgment accordingly. The court denied the application to make Cronk a defendant.

Defendant thereafter filed another answer containing additional allegations that the claimed change of beneficiary was without legal force and effect for the reason that Allen J. Cronk did not consent to such change and did not release any interest he had in the policy; that he did not know of any change of beneficiary during the lifetime of the insured and did not discover that a change had been attempted until after her death. These defensive allegations, including the allegation that the premiums were paid with community funds, were stricken from the answer.

Defendant also alleged that subsequent to the payment of the proceeds to Cronk, the plaintiff, together with two of her sisters, executed a full release and satisfaction of all rights and claims against Cronk, including her claim to this insurance. It appears this release was given in connection with the settlement of the estate of Catherine Cronk, and would not constitute a release of plaintiff's claim to the insurance, unless it were shown that the insurance was within the contemplation of the parties to the settlement. Miller v. Miller, 94 Cal.App.2d 785, 211 P.2d 357; Thorp v. Randazzo, 41 Cal.2d 770, 264 P.2d 38. Its effectiveness being contingent upon proof, we shall not further discuss that issue.

When plaintiff's proof was in, defendant moved for a judgment of non-suit, which was denied. The plaintiff then moved for a directed verdict. The court took the case from the jury and, although defendant was permitted to make an offer of proof, no evidence on behalf of defendant was permitted or received. In its offer of proof the defendant proposed to show that the insured and Cronk had lived together continuously as husband and wife from the date of their marriage to the death of the insured; that all premiums had been paid with community funds; that at the time of the death of the insured the policy was in a safe-deposit box, which had been changed into Catherine Cronk's name and possession without Mr. Cronk's consent; that Cronk did not know

that a change of beneficiary had been made until the policy was produced in September, 1952, and that he did not consent to the change. The court, apparently taking the view that such allegations and evidence did not constitute a defense, entered findings, conclusions and judgment for the plaintiff.

■ It is the general rule in community property jurisdictions that a life insurance policy, insuring the life of either spouse, acquired after the marriage and upon which the premiums are paid with community funds, is community property. New York Life Ins. Co. v. Bank of Italy, 60 Cal.App. 602, 214 P. 61; In re Castagnola's Estate, 68 Cal.App. 732, 230 P. 188; Travelers' Ins. Co. of Hartford, Conn. v. Fancher, 219 Cal. 351, 26 P.2d 482; In re Miller's Estate, 44 N.M. 214, 100 P.2d 908; Pacific Mut Life Ins. Co. v. Cleverdon, 16 Cal.2d 788, 108 P.2d 405; King v. Prudential Ins. Co. of Am., 13 Wash.2d 414, 125 P.2d 282; Jones v. Davis, 15 Wash.2d 567, 131 P.2d 433; Grimm v. Grimm, 26 Cal.2d 173, 157 P.2d 841; Wissner v. Wissner, 89 Cal.App. 2d 759, 201 P.2d 837; Id., 338 U.S. 655, 70 S.Ct. 398, 94 L.Ed. 424; Wilson v. Wilson, 35 Wash.2d 364, 212 P.2d 1022; National Bk. of Commerce of Seattle v. Lutheran Brotherhood, 40 Wash.2d 790, 246 P.2d 843; United States v. Robinson, 5 Cir., 40 F.2d 14; Ettlinger v. Connecticut Gen. Life Ins. Co., 9 Cir., 175 F.2d 870; Berry v. Franklin State Bk. & Tr. Co., 186 La. 623, 173 So. 126; Succession of Farrell, 200 La. 29, 7 So.2d 605; 41 C.J.S., Husband and Wife, § 471d(1), p. 1003; Annotation, Community Prop. & Life Ins., 114 A.L.R. 545.

Most such policies are issued on the life of the husband. Hence, most of the case law of these jurisdictions deal with the right of the husband to change the beneficiary without the consent of the wife.

■ In earlier Texas and California cases, as a basis for sustaining the right of the husband to change his beneficiary without the wife's consent, though premiums were paid with community funds, it was said the wife had no present vested right in the community property, but a mere expectancy. Annotation, 168 A.L.R. 347; 5 Cal.Jur., p. 332, n. 10. Later decisions in both jurisdictions have practically reversed that position. 168 A.L.R. 349. It has long been settled in this state that the wife's interest in community property is a present vested estate, equal in degree, quantity, nature and extent with that of the husband, except as to management and control. Kohny v. Dunbar, 21 Idaho 258, 121 P. 544, 39 L.R.A.,N.S., 1107, Ann.Cas.1913D, 492; Ewald v. Hufton, 31 Idaho 373, 173 P. 247; Peterson v. Peterson, 35 Idaho 470, 207 P. 425; Radermacher v. Radermacher, 61 Idaho 261, 100 P.2d 955; Davenport v. Simons, 68 Idaho 21, 189 P.2d 90; Vanek v. Foster, 74 Idaho 532, 263 P.2d 997; §§ 14–113, 32–912, I.C.

Where there is a consideration, such as a debt or other obligation owing by the husband or the community to the new beneficiary, it is held that the husband, as the

manager of the community property, may make such change, since, in theory, the community derives a benefit from the transaction and no fraud or prejudice to the wife results therefrom. Union Mut. Life Ins. Co. v. Broderick, 196 Cal. 497, 238 P. 1034; Johnston v. Johnston, 182 Wash. 573, 47 P.2d 1048; Rowlett v. Mitchell, 52 Tex.Civ.App. 589, 114 S.W. 845. Cf. Occidental Life Ins. Co. v. Powers, 192 Wash. 475, 74 P.2d 27, 114 A.L.R. 531; Aetna Life Ins. Co. v. Brock, 41 Wash.2d 369, 249 P.2d 383.

Where there is no consideration and the change of beneficiary is purely a gratuity, it is regarded as a gift of community property and, if substantial in amount and done without the wife's consent, is voidable by her. In jurisdictions holding that a husband may make a reasonable gift of community property without the wife's consent, it is usually pointed out that the statute gives the husband the management and control of the community property. Annotation, Gift of Community Property, 17 A.L. R.2d 1118.

In Nixon v. Brown, 46 Nev. 439, 214 P. 524, the court held that a husband may make a reasonable gift of community property without the wife's consent, in the absence of an intent to defraud her, under a statute, Rev.Laws, § 2160, which provides:

"'The husband has the entire management and control of the community property, with the like absolute power of disposition thereof, except as here-

inafter provided, as of his own separate estate. * * *'" Nixon v. Brown, 46 Nev. 439, 214 P. 524, at page 528.

From its enactment in 1867, Laws 1867, p. 65, § 9, to its amendment in 1913, Laws 1913, Chap. 105, p. 425, our statute was practically identical with that quoted from the Nevada case. It is significant that the clause "with the like absolute power of disposition * * * as he has of his separate estate" R.C. § 2686, was eliminated by the legislature in the 1913 amendment. In some of the states the legislature has seen fit to expressly forbid the husband to make gifts of community property. California is one of these. Presumably such statutes became necessary because of the absolute power of the disposition given to the husband. That power was deleted from our statute in 1913.

In Marston v. Rue, 92 Wash. 129, 159 P. 111, at page 112, the court said the statute, which gives the husband control and management with power to sell and dispose of community personalty, does not authorize him to give it away.

In Allen v. Brewster, Tex.Civ.App., 172 S.W.2d 192; Id., 142 Tex. 127, 176 S.W. 2d 311, the Texas court, referring to a similar statute, said:

"Although the husband is given authority to dispose of community property, he is not authorized by virtue of that power to make gifts of his wife's

interest in the community estate to third persons, and the attempt of Brewster to do so in the instant case, in our opinion, was a fraud upon the rights of his wife. In the case of Martin v. Moran, 11 Tex.Civ.App. 509, 32 S.W. 904, 905, a well-considered case, the court held that, where the premiums of an insurance policy on the life of the husband, payable 'as directed by will,' are paid out of the community estate, the wife, on the death of the husband, is entitled to one-half proceeds of the policy, though the husband's will made the entire proceeds payable to his own estate. In disposing of the case, the court, among other things, said: 'It can hardly be said that the husband, by virtue of the power given him to dispose of the community property, has the unlimited right to use it in buying insurance policies, and giving them to third parties. * * * It seems to us that for the husband to purchase insurance policies with community property, and make them payable as directed in his will, or to a third person, for the purpose of making them his separate property, would be a disposition in fraud of the rights of the wife, * * *.'" Allen v. Brewster, Tex.Civ.App., 172 S.W.2d 192, at page 196.

It is not necessary to a decision in this case to determine the authority or power of a husband to make gifts of community property. We are concerned here with the authority of the wife. But, if the husband, who has the management and control of the community property, is limited in that respect, such limitation would apply with greater force to the wife, who has no management or control, except in the absence or incapacity of the husband.

In Odone v. Marzocchi, 34 Cal.2d 431, 211 P.2d 297, 212 P.2d 233, 17 A.L.R.2d 1109, the wife on entering a hospital gave a sum of money belonging to the community to a friend with directions to pay her bills, and, if she survived, to return the balance to her; but, if she died, the balance was to be retained by the friend as a gift. The court held that, while all the requirements of a gift causa mortis were satisfied, the gift having been made without the consent of the husband was voidable by him in toto during the life of the wife, but after her death it was voidable only as to his one-half thereof.

In Sandrini v. Ambrosetti, 111 Cal.App. 2d 439, 244 P.2d 742, the court held that the husband was entitled to have returned to him one-half of certain notes belonging to the community, which had been secretly assigned by his wife as a gift to two of her children.

In Feise v. Mueller, 41 Wash.2d 409, 249 P.2d 376, the wife purchased property for a third person with community funds. The court held that the non-consenting husband could repudiate the transaction and treat it as a purchase of the property for the benefit of the community.

■ Occasional small gifts of community property by the husband have been upheld under the rule of de minimus. Hanley v. Most, 9 Wash.2d 429, 115 P.2d 933. Respondent urges the application of that rule in this case, calling attention to the comparatively small amount of the premiums invested by the community. It is not the premiums which are involved. The policy and its proceeds were purchased with community funds and became community property. § 32–906, I.C. It is the principal amount of the policy which is the subject of the attempted gift. Dixon Lbr. Co. v. Peacock, 217 Cal., 415, 19 P.2d 233; Jones v. Davis, 15 Wash.2d 567, 131 P.2d 433; In re Towey's Estate, 22 Wash.2d 212, 155 P.2d 273; Wilson v. Wilson, 35 Wash.2d 364, 212 P.2d 1022; Aaron v. Aaron, Tex.Civ.App., 173 S.W.2d 310.

■■ Our conclusion is that the change of beneficiary by the insured was an attempt to make a gift of the proceeds of the policy to the new beneficiary. If the premiums were paid with community funds the proceeds would be community property and the insured could not make such a gift without the consent of her husband, and if she did so without his consent, the gift is now, after her death, voidable by him as to his half interest therein. New York Life Ins. Co. v. Bank of Italy, 60 Cal.App. 602, 214 P. 61; Travelers' Ins. Co. of Hartford, Conn. v. Fancher, 219 Cal. 351, 26 P.2d 482; Nimey v. Nimey, 182 Wash. 194, 45 P.2d 949; Occidental Life Ins. Co. v. Powers, 192 Wash. 475, 74 P.2d 27, 114 A.L.R. 531; Mundt v. Connecticut Gen. Life Ins. Co., 35 Cal.App.2d 416, 95 P.2d 966; King v. Prudential Ins. Co. of Am., 13 Wash.2d 414, 125 P.2d 282; Aetna Life Ins. Co. v. Brock, 41 Wash.2d 369, 249 P.2d 383; Kemp v. Metropolitan Life Ins. Co., 5 Cir., 205 F.2d 857; Metropolitan Life Ins. Co. v. Skov, D.C.Or., 51 F.Supp. 470; Allen v. Brewster, Tex.Civ.App., 172 S.W.2d 192; Aaron v. Aaron, Tex.Civ.App., 173 S.W.2d 310; 41 C.J.S., Husband and Wife, §§ 531b, 534b; Annotation, Community Prop. & Life Ins., 114 A.L.R. 545.

■■ The trial court found that Allen J. Cronk was aware of the change of beneficiary during the lifetime of the insured. This finding is based upon a statement to that effect made by the plaintiff upon cross-examination. The apparent purpose is to infer consent. However, as we have noted, the court treated that question as immaterial, struck out the allegation from the answer and refused to allow defendant to introduce evidence to the contrary. Obviously, a finding against a party, who is denied an opportunity to present his side of the issue, cannot be sustained.

■ Since Allen J. Cronk claims an interest in the controversy and the evidence may show him liable to account for a part or all of the proceeds, it was error to deny defendant's motion to make him a party. §§ 5–313, 5–324, I.C.

The judgment is reversed and the cause is remanded with directions to grant a new

trial and allow the parties to reframe their pleadings to properly present the issues, and allow either party to bring in Allen J. Cronk as an additional party.

Costs to appellant.

PORTER, ANDERSON and SMITH, JJ., concur.

KEETON, Justice (dissenting).

In the proceeding being considered the widower, Allen J. Cronk, is not here complaining of an expenditure or gift of community funds by the wife during her lifetime. The insurance policy is payable to respondent and appellant is not in a position to raise the question of the source of funds used to pay the premiums on the policy. The husband knew of the change of beneficiary, made no complaint, and the premiums paid were too trivial, even if community funds were expended, to warrant the application of the doctrine that the wife was giving away, or attempting to give away, or dissipating community property over the husband's objection. The surviving husband is not now objecting, and appellant is claiming the right to object for him.

If appellant has any claim against anyone, it is against Cronk to whom it paid the insurance. One cannot pay a third person a debt owed to another and assert such payment as a defense when claim is made by the party to whom it is due. Respondent was not a party to the transaction in which appellant paid the proceeds of the policy to Cronk, and appellant is not in a position to assert the defense attempted. The affirmative matter alleged is no defense to the action.

In my opinion the rulings of the trial court were correct. The judgment should be affirmed.