151 P.3d 824

**UNITED INVESTORS LIFE INSURANCE COMPANY, Plaintiff,**

v.

**Larry SEVERSON and Carolyn L. Diaz, Defendants.**

**Carolyn L. Diaz, Cross Claimant–Respondent,**

v.

**Larry Severson, Cross Defendant–Appellant.**

**No. 31690.**

Supreme Court of Idaho, Boise, November 2006.

Jan. 16, 2007.

Law Offices of Jay P. Clark, Mountain Home, for appellant. Jay Phillip Clark argued.

Egusquiza Law Offices, Mountain Home, for respondent. Mitchell L. Egusquiza argued.

BURDICK, Justice.

This case asks the Court to decide whether I.C. § 15–2–803 prevents a husband convicted of murdering his wife from acquiring one-half of his wife's life insurance proceeds. This case further asks the Court to decide whether the husband's appeal of his criminal conviction affects this civil proceeding and whether the application of the slayer statute in this instance is unconstitutional. We affirm the district court's order granting summary judgment.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Appellant Larry Severson (Severson) was found guilty of murder in the first degree and found guilty of the poisoning of his wife, Mary Severson (decedent). In August 2000 the decedent applied to United Investors Life Insurance Company (United Investors) for a term life insurance policy in which she listed Severson as the primary beneficiary and her mother, Respondent Carolyn Diaz (Diaz), as the contingent beneficiary. In October 2001 the decedent changed the primary beneficiary of her term life insurance policy to Diaz. The decedent died on February 15, 2002.

United Investors filed a complaint for interpleader on September 25, 2002, and filed the proceeds of the decedent's policy, $200,000, with the court. On July 28, 2003, the district court granted Diaz's motion for partial summary judgment holding that she is entitled to $100,000 of the proceeds because she is the beneficiary of the policy. That order did not make any final decision as to Severson's interest in or rights to the proceeds. Instead, the district court noted that it was undisputed that the policy premiums were derived from the community funds of the marriage between the decedent and Severson and that in Idaho, in such a case, at the death of the insured, one-half of the proceeds becomes vested in the surviving spouse. However, the court also noted that due to Idaho's slayer statute, I.C. § 15–2–803, Severson may not be entitled to one-half of the proceeds if convicted of the murder of his wife.

On January 27, 2005, after Severson was convicted of first degree murder, the district court held that because Severson was the slayer of his wife I.C. § 15–2–803(b) & (e) barred him from receiving any share of the insurance proceeds. Additionally, the district court ruled that pursuant to I.C. § 15–2–803(e) the other half of the insurance proceeds should pass to the decedent's estate. Severson timely appealed the district court's decision.

## II. STANDARD OF REVIEW

■ When reviewing a district court's grant of summary judgment, this Court uses the same standard a district court uses when it rules on a summary judgment motion. *Carrier v. Lake Pend Oreille Sch. Dist. # 84,* 142 Idaho 804, 806, 134 P.3d 655, 657 (2006). Under the Idaho Rules of Civil Procedure summary judgment shall be rendered when "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." I.R.C.P. 56(c).

■ "The Court exercises free review over questions of law." *McColm–Traska v. Baker,* 139 Idaho 948, 951, 88 P.3d 767, 770 (2004). "The interpretation of a statute is a question of law over which this Court exercises free review." *Carrier,* 142 Idaho at 807, 134 P.3d at 658.

## III. ANALYSIS

Severson argues that I.C. § 15–2–803 does not prevent him from receiving one-half of the decedent's policy proceeds. Severson additionally argues that we should reverse the district court because he has appealed his criminal conviction and because the application of the slayer statute in this situation is

unconstitutional. Finally, both parties request attorney's fees. We will address each argument in turn.

## A. I.C. § 15–2–803 prevents Severson from receiving any of the decedent's policy proceeds

■■■ Severson relies on *Travelers Insurance Co. v. Johnson*, 97 Idaho 336, 544 P.2d 294 (1975), to support his claim that he has a community property interest in one-half of the decedent's life insurance proceeds. According to *Travelers*, when certain requirements are met, including that a policy is acquired after marriage and the premiums are paid with community funds, that policy is community property. *Id.* at 340, 544 P.2d at 298 (quoting *Anderson v. Idaho Mut. Benefit Ass'n*, 77 Idaho 373, 377–80, 292 P.2d 760, 762–64 (1956)). In such situations, the surviving spouse can void the gift of the proceeds "as to his half interest therein." *Id.* Thus, one-half of the proceeds is the surviving spouse's own community property interest and the one-half that goes to the beneficiary is the interest of the decedent spouse. However, in this case, the surviving spouse is the "slayer" of the decedent spouse.

In *Travelers* we said that in a term life insurance policy the surviving spouse had no vested interest until the death of the insured. *Id.* at 340, 544 P.2d at 298. That is distinct from the situation where the marital community uses community property funds to purchase property in which both have a current vested interest; in that situation a spouse's community property interest does not depend upon the death of the other spouse. Therefore, the issue becomes whether any provision in Idaho's slayer statute prevents Severson from receiving proceeds of a policy in which he could have no vested interest until the death of the person whom he murdered.

### 1. I.C. § 15–2–803(b) & (e)

■ The district court applied I.C. § 15–2–803(b) & (e) to prevent Severson from receiving any of the proceeds. Both parties agree that I.C. § 15–2–803(e) does not apply in this case.

Idaho Code § 15–2–803(e) provides:

Any community property which would have passed to or for the benefit of the slayer by devise, legacy or intestate succession from the decedent shall be distributed as if he had predeceased the decedent.

Idaho Code § 15–2–803(e) does not apply to Severson because the one-half of the proceeds in question cannot be characterized as decedent's community property passing to Severson by "devise, legacy or intestate succession." Therefore, we hold that the application of I.C. § 15–2–803(e) to Severson was error. Nonetheless, we will uphold a district court's decision if there is an alternative legal basis to support it. *Hanf v. Syringa Realty, Inc.*, 120 Idaho 364, 370, 816 P.2d 320, 326 (1991).

### 2. I.C. § 15–2–803(b) & (n)

■■■ The district court's grant of summary judgment can be upheld on the alternative basis that I.C. § 15–2–803(b) & (n) prevent Severson from receiving any of the policy proceeds. "The Court will interpret [a] statute broadly to effectuate the intent of the legislature." *Elec. Wholesale Supply Co. Inc. v. Nielson*, 136 Idaho 814, 825, 41 P.3d 242, 253 (2001). In construing a statute, the Court "may examine the language used, the reasonableness of the proposed interpretations, and the policy behind the statute." *Gillihan v. Gump*, 140 Idaho 264, 266, 92 P.3d 514, 516 (2004). The Court is to avoid an interpretation of a statute that leads to an absurd or harsh result. *Canyon County Bd. of Equalization v. Amalgamated Sugar Co., LLC*, 143 Idaho 58, 62, 137 P.3d 445, 449 (2006).

Idaho Code § 15–2–803(b) provides:

No slayer shall in any way acquire any property or receive any benefit as a result of the death of the decedent, but such property shall pass as provided in the sections following.

Idaho Code § 15–2–803(n) provides:

This section shall not be considered penal in nature, but shall be construed broadly in order to effect the policy of this state

that no person shall be allowed to profit by his own wrong, wherever committed.

The plain language of these subsections reveals the legislative intent that no slayer be allowed to acquire any property or receive any benefit as a result of the willful and unlawful killing of the decedent. Idaho Code § 15–2–803(n) instructs the Court to construe the statute broadly in order to effectuate its purpose.

Idaho Code § 15–2–803(b) flatly prohibits the slayer from acquiring any property or receiving any benefit as a result of the death of the decedent. Severson is not making a claim against the decedent's estate for his contribution to the policy premiums; he is making a claim on the policy proceeds. Had Severson not killed the decedent, the decedent would be alive and there would be no proceeds to receive. Hence, Severson would profit by the killing of the decedent if allowed to acquire any of the proceeds. This does not comport with the legislature's intent as expressed in I.C. § 15–2–803(n). Nor is it in line with the I.C. § 15–2–803(b) prohibition that a slayer not acquire any property or receive any benefit as a result of the death of the decedent.

Furthermore, had Severson been named as the policy's primary beneficiary, I.C. § 15–2–803(j)(1) would have prevented Severson from receiving any proceeds. According to that subsection, had Severson been the primary beneficiary, the proceeds would have been paid to the secondary beneficiary and if there was no other beneficiary of the policy they would have gone to the decedent's estate. I.C. § 15–2–803(j)(1). It would be an absurd result to interpret the slayer statute in a way that allows Severson to receive policy proceeds when he is not the policy's beneficiary but to prevent him from receiving policy proceeds when he is the policy's beneficiary.

Since to receive a share of the proceeds would be a benefit to Severson resulting from the decedent's death, we affirm summary judgment on the alternate grounds that I.C. § 15–2–803(b) & (n) prevent Severson from receiving any of the policy proceeds. Additionally, we also reverse the district court's decision that one-half of the policy proceeds pass to the decedent's estate. We hold the terms of the policy control as I.C. § 15–2–803(c)–(j) do not specifically apply and therefore the entire proceeds should be awarded to Diaz.

## B. Severson's appeal of his criminal conviction has no effect on this case

 Severson asserts that because Severson's criminal conviction is on appeal, his conviction is subject to reversal. However, Severson fails to assert on what basis that appeal requires us to reverse the district court's decision in the present civil case.

The slayer statute states that the record of the slayer's conviction is admissible in evidence against a claimant of property in any civil action arising under the statute. I.C. § 15–2–803(m). Severson's criminal conviction was entered before the district court entered summary judgment in this action. Furthermore, although Severson states in his reply brief that he has always maintained his innocence, the record in this case fails to contain any sworn testimony of Severson's innocence in the murder of the decedent. Thus, Severson's pending appeal of his criminal conviction does not prevent a decision in this case.

 To the extent Severson might be arguing the case is not ripe, the district court did not err. Ripeness concerns the timing of a suit and asks whether a case is brought too early. *State v. Manley*, 142 Idaho 338, 342, 127 P.3d 954, 958 (2005). "The purpose of the ripeness requirement is to prevent courts from entangling themselves in purely abstract disagreements. Under the ripeness test in Idaho, a party must show (1) the case presents definite and concrete issues; (2) a real and substantial controversy exists (as opposed to hypothetical facts); and (3) there is a present need for adjudication." *Id.* (citations omitted).

This case is ripe. United Investors filed a complaint for interpleader because a policy holder died and it was not sure to whom it must pay the proceeds. Therefore, a real and substantial controversy exists, and there is a present need for adjudication. The case presents a definite and concrete issue—if

Severson is the slayer, can he recover one-half of the policy proceeds? Therefore, we hold that Severson's appeal of his criminal conviction has no effect on ripeness of this case.

## C. The application of the slayer statute to Severson is not unconstitutional

 Severson argues that the application of the slayer statute to this case would be in violation of the Idaho Constitution and the U.S. Constitution. Severson first argues it would be an unconstitutional taking of his property. Additionally, Severson argues to take his property would violate I.C. § 15–2–803(n) which mandates that the slayer statute "not be considered penal in nature." However, Severson has failed to even allege all the necessary elements of a taking; for instance, he has not alleged that the government is taking the property for public use.[1] Therefore, we hold that Severson has failed to prove an unconstitutional taking in this case.

As to his remaining arguments, Severson has failed to argue that any of his due process rights have been violated. He provides no authority this Court can look to that might show his due process rights have been violated. This Court will not consider any issue when a party fails to support it with argument or authority. *Lamprecht v. Jordan, LLC,* 139 Idaho 182, 187, 75 P.3d 743, 748 (2003). On the facts before the Court, Severson has had a full and fair opportunity to litigate his rights and claim on the policy proceeds. Therefore, because there is nothing to suggest that the application of the statute to Severson is unconstitutional, we hold that the slayer statute may be applied to prevent Severson from receiving any of the policy proceeds.

## D. Neither either party should be awarded attorney's fees

Severson requests attorney's fees under I.A.R. 41. However, Severson fails to cite to any statute which entitles him to an award of attorney's fees. A reference to I.A.R. 41 is not sufficient to properly request an award of attorney's fees. *State v. Daicel Chem. Indus., Ltd.,* 141 Idaho 102, 109, 106 P.3d 428, 435 (2005). "The requesting party must point to a statute or contractual provision authorizing such award." *Id.* Therefore, we decline to award attorney's fees to Severson.

Diaz requests attorney's fees pursuant to I.C. § 12–121 and I.C. § 12–123 on the grounds that this appeal was brought frivolously. An award of attorney's fees under this set of statutes should be denied when the Court "cannot say that [the party's] legal argument ... was so plainly fallacious as to be deemed frivolous, or that their case was not supported by a good faith argument for the extension or modification of the law in Idaho." *Hanf,* 120 Idaho at 370, 816 P.2d at 326. It cannot be said Severson brought this appeal frivolously as this is an issue of first impression and not a well settled area of law. Therefore, we also decline to award attorney's fees to Diaz.

## IV. CONCLUSION

We affirm the district court's grant of summary judgment on the alternate grounds that I.C. § 15–2–803(b) & (n) prevent Severson from receiving any of the proceeds of the policy. We reverse the district court's decision that one-half of the policy proceeds pass to the decedent's estate and hold that the entire proceeds should pass according to the terms of the policy. We remand for proceedings in accordance with this opinion. Finally, we decline to award any party attorney's fees. Costs to Respondent.

Chief Justice SCHROEDER and Justices TROUT, EISMANN and JONES, concur.

---

1. *See Roark v. City of Caldwell,* 87 Idaho 557, 561, 394 P.2d 641, 642–43 (1964) ("It is fundamental that [Idaho Const. art. I, § 13, Idaho Const. art. I, § 14, and U.S. Const. amend. XIV] prohibit the taking of private property for a *public use* without just compensation") (emphasis added).