973 P.2d 746

Susan K. BARTON, Plaintiff–Appellant,

v.

Steven L. BARTON, Defendant–
Respondent.

No. 24529

Supreme Court of Idaho,
Lewiston, September 1998 Term.

Feb. 10, 1999.

Randall, Blake & Cox, Lewiston, for appellant. Scott M. Chapman argued.

Clark & Feeney, Lewiston, for respondent. Paul T. Clark argued.

WALTERS, Justice.

## NATURE OF THE CASE

This is an appeal from a magistrate judge's order dividing the assets and liabilities of Steven L. Barton and Susan K. Barton upon divorce.

## BACKGROUND AND PROCEDURAL HISTORY

Susan and Steven were married on May 12, 1990, in Nezperce, Idaho. On September 24, 1993, Susan filed for divorce.

Prior to the marriage, both parties had accumulated various items of property. Susan testified that at the time of the marriage her assets included several bank and securities accounts.

| | |
|---|---|
| West One Checking | $ 1,199.53 |
| Duuck Farms Checking | $ 5,468.20 |
| Special Savings | $ 32,784.68 |
| Savings | $ 15,363.48 |
| Savings | $ 2,701.74 |
| First Affiliated Securities | $ 10,000.00 |
| Franklin Age High | $ 3,035.19 |
| Franklin Federal Tax–Free | $ 11,935.68 |
| Franklin Puerto Rico | $ 2,134.39 |
| Franklin Money Fund | $ 11,077.79 |

Steven testified that he had approximately $7,700 in assets and approximately $3,900 in debt from a student loan.

During the marriage, Susan and Steven purchased sixty acres of farm land from Larry Boyer (Boyer Property). The $60,000 purchase price was obtained with a loan secured by the First Affiliated Securities account, which Susan had testified was worth $10,000 at the time of the marriage. Susan testified that she transferred approximately $70,000 from her other accounts into the First Affiliated account as security for the loan. While they were negotiating to obtain the First Affiliated loan and completing paperwork, Susan and Steven used short-term financing for the purchase including a $6,000 loan arranged by Steven. The short-term loans were ultimately repaid from the proceeds of the First Affiliated loan.

At the time of the trial, the First Affiliated account was worth approximately $107,138. According to Susan, this included the initial $10,000, approximately $70,000 transferred from the accounts she owned prior to the marriage, increased market value and interest, and possibly additional funds from the sale of crops. The First Affiliated account still secured approximately $48,000 of debt from the purchase of the Boyer Property.

Following a bench trial, the magistrate court filed an Order Dividing Parties' Assets and Liabilities on August 2, 1994. The court found that $10,611 existed in the First Affiliated account at the time of the marriage. It concluded that this amount was Susan's separate property, but that there was insufficient evidence to trace the source of the other funds and they were, therefore, presumptively community property. The court found that the Boyer Property was community property. In order to equalize the division of property, the court awarded the Boyer Property to Steven free and clear of the debt secured by the First Affiliated account. It awarded the First Affiliated account to Susan subject to the Boyer Property debt.

The parties cross-appealed to the district court following denial of their respective motions to alter or amend. The district court reversed and remanded the matter to the magistrate court to make specific finding of fact and conclusions of law. Expanding upon its earlier order, the magistrate court issued amended findings of fact and conclusions of law, which were upheld on a second appeal to the district court. Susan's subsequent appeal was assigned to the Court of Appeals. In an unpublished opinion, the Court of Appeals upheld the magistrate judge's finding that the Boyer Property was community property, but reversed and remanded the magistrate judge's characterization of the First Affiliated account.

Steven petitioned this Court for review. We affirm the magistrate judge's characterization of the Boyer Property as the community property of the parties. However, we set aside the magistrate judge's decision with regard to the First Affiliated account, and remand the case to correctly determine the parties' separate and community interests in the First Affiliated account.

1.

### STANDARD OF REVIEW

On review from the Court of Appeals, as well as from the district court acting in its appellate capacity, this Court gives serious consideration to the intermediate appellate decisions but reviews the matter as if the case were on direct appeal from the magistrate's division. *Worzala v. Worzala,*

128 Idaho 408, 411, 913 P.2d 1178, 1181 (1996); *Smith v. Smith,* 124 Idaho 431, 436, 860 P.2d 634, 639 (1993). The findings of the magistrate judge will be upheld if supported by substantial, competent though conflicting evidence. *Id.* Factual findings that are not supported by substantial, competent evidence will be set aside as clearly erroneous. I.R.C.P 52(a).

## 2.

### FIRST AFFILIATED ACCOUNT

■ All property acquired during marriage is presumed to be community property. *Houska v. Houska,* 95 Idaho 568, 570, 512 P.2d 1317, 1319 (1973). A party wishing to show that assets acquired during marriage are separate property must prove with "reasonable certainty and particularity" that the property is, in fact, separate. *Id.* Commingling of separate and community property does not convert the separate property to community property where the separate property can be identified through either direct tracing or accounting. *Id.; Stahl v. Stahl,* 91 Idaho 794, 430 P.2d 685 (1967); *Evans v. Evans,* 92 Idaho 911, 453 P.2d 560 (1969).

■ Susan claims that a substantial portion of the funds in the First Affiliated account can be directly traced to accounts held by her prior to marriage. This contention is supported by the uncontradicted evidence introduced at trial. Although it is not possible to prove with numeric certainty the source of all funds in the account, it is clear that more of the funds than found by the magistrate judge can be traced with reasonable certainty to accounts owned by Susan prior to marriage.

For example, in May 1990, at the time of the marriage, Susan's Franklin Age High account contained $3035.19 and her Franklin Money Fund account contained $11,077.79. In February 1991, Susan transferred $8000 from the Franklin Money Fund account to the Franklin Age High account increasing the Franklin Age High account to $11,035.19. In September 1992, Susan transferred the entire Franklin Age High account ($13,-348.00) into the First Affiliated account.

There do not appear to have been any other transfers of money into or out of the Franklin Age High account during this period. Other similar transfers from accounts owned by Susan prior to marriage can be seen in the period leading up to the loan used to purchase the Boyer Property.

Some of the value in the First Affiliated account at the time of the trial is attributable to interest and dividend income during the marriage and is therefore community property. Some may prove untraceable and is, therefore, presumptively community property. But, the uncontradicted evidence suggests that significantly more than the $10,000 in the account when Susan and Steven were married can be traced to other accounts owned by Susan prior to marriage and can be properly characterized as Susan's separate property.

The magistrate's conclusion that "[o]ther than the $10,611.00 in the account at the time of the parties' marriage insufficient evidence was offered to trace any other separate monies of the plaintiff" is not supported by substantial, competent though conflicting evidence and is clearly erroneous.

## 3.

### BOYER PROPERTY

■ The magistrate judge concluded that the Boyer Property is community property. It was purchased during marriage and at least partially financed with community funds including the $6000 loan arranged by Steven. The deed was issued in both Susan's and Steven's names and payments were made with community funds including income from the First Affiliated account. The magistrate's characterization of the Boyer Property as community property is supported by substantial evidence in the record and will not be disturbed on appeal.

### CONCLUSION

The characterization of the Boyer Property as community property by the magistrate is affirmed. However, we remand for an accounting and recharacterization of the funds in the First Affiliated account. There-

after, the court shall confirm the parties' separate property interests and redetermine an equitable distribution of the community property. No costs or attorney fees are awarded on appeal.

Chief Justice TROUT and Justices SILAK, SCHROEDER and JOHNSON, PRO TEM, CONCUR.