998 P.2d 505

Michael D. VANWASSENHOVE,
Plaintiff–Appellant,

v.

Beth M. VANWASSENHOVE,
Defendant–Respondent.

No. 24940.

Court of Appeals of Idaho.

April 10, 2000.

Cosho, Humphrey, Greener & Welsh, Boise, for appellant. Stanley W. Welsh argued.

Alexanderson, David, Rainey & Whitney, Caldwell, for respondent. Ronald P. Rainey argued.

PERRY, Chief Judge.

Michael D. Vanwassenhove appeals from an order of the district court, reversing and remanding the magistrate's distribution of property in a decree of divorce. For the reasons set forth below, we affirm in part, reverse in part, and remand the case for further proceedings.

## I.

## BACKGROUND

Michael and Beth M. VanWassenhove were married on June 27, 1974. Prior to their marriage, Michael owned an 80–acre farm. It is undisputed that this farm is Michael's separate property. At the time of their marriage, Michael owed $45,789.25 of principal on the loan for the farm's purchase. It is undisputed that the farm loan was Michael's separate debt. From the time of their marriage until 1981, Michael and Beth lived and worked on the farm. During this time, they paid $18,766.61 towards the principal on the farm loan. It is undisputed that this amount was paid from community funds and that the community is entitled to reimbursement in that amount. Michael and Beth moved from the farm in 1981, and the farm was rented to Michael's brother. The rental income from the farm was used to pay the remaining $27,022.67 of the principal on the farm loan, which was paid in full in 1990.

Michael and Beth separated in July 1994. In February 1995, Michael held a farm equipment sale. It is undisputed that the farm equipment was community property and that the proceeds from the sale constituted community funds. The sale netted $56,755.31. This money was placed in a bank account controlled exclusively by Michael. In June 1995, Michael sent $10,000 of the proceeds from the farm equipment sale to Beth. Michael testified that he spent the remaining proceeds on community debt and a $6,500 pickup for one of their sons.

On December 26, 1995, Michael filed for divorce. Following trial, the magistrate concluded that the community was not entitled to reimbursement for the rental income from the farm that was used to pay the principal on the farm loan. The magistrate also concluded that the community was not entitled to reimbursement for the proceeds from the farm equipment sale. Beth appealed to the district court, which reversed the magistrate on both of these issues. Michael appeals.

## II.

## DISCUSSION

■ On review of a decision of the district court, rendered in its appellate capacity, we examine the record of the trial court independently of, but with due regard for, the district court's intermediate appellate decision. *Hentges v. Hentges*, 115 Idaho 192, 194, 765 P.2d 1094, 1096 (Ct.App.1988).

### A. Rental Income

Michael argues on appeal that the magistrate was correct in concluding that the community is not entitled to reimbursement for the farm's rental income that was used to pay the principal on the farm loan. Although Michael concedes that the "net" rental income from the farm was community property, he contends that the principal payments on the farm loan constituted an expense that should be subtracted from the gross rental proceeds in calculating the net rental income. Michael contends, as a result, that the principal payments were not made from the net rental income belonging to the community and that the community was therefore not

entitled to reimbursement. In response, Beth asserts that principal payments do not constitute such an expense and are necessarily paid from net rental income rather than gross rental income.

■ Because the issue of how net rental income is calculated is a pure question of law, we exercise free review. *Kawai Farms, Inc. v. Longstreet*, 121 Idaho 610, 613, 826 P.2d 1322, 1325 (1992); *Cole v. Kunzler*, 115 Idaho 552, 555, 768 P.2d 815, 818 (Ct.App.1989). Idaho Code Section 32–906(1) provides that "the income of all property, separate or community, is community property." It is a well-settled principle of Idaho community property law that only net income from separate property becomes community property. *Malone v. Malone*, 64 Idaho 252, 261, 130 P.2d 674, 678 (1942); *Weilmunster v. Weilmunster*, 124 Idaho 227, 236, 858 P.2d 766, 775 (Ct.App.1993). The Idaho Supreme Court has explained that to "hold otherwise would cause the community to, in time, entirely consume the separate estates of the members thereof and would nullify [§ 32–903] and [§ 32–906] of the code." *Malone*, 64, Idaho at 261, 130 P.2d at 678. Thus, the net income rule protects both "the rights and interests of individual spouses in the preservation and maintenance of separate property as well as ... the interests of the community." *Houska v. Houska*, 95 Idaho 568, 571, 512 P.2d 1317, 1320 (1973).

■ According to Michael, payment of the principal on the farm loan was necessary for the preservation of his separate property interest in the farm and that the principal payments should, therefore, be paid from the farm's gross income rather than its net income. In light of the policy enunciated by the Idaho Supreme Court in *Malone* and *Houska*, however, we hold that the right of a spouse to preserve and maintain separate property extends only to the spouse's equity in the separate property at the time of marriage. Payments of loan principal do more than merely preserve the separate property value—they increase the separate estate's equity in the property. If Michael's argument were accepted, his separate estate would have been enhanced by more than $27,000 during the course of the marriage

through application of farm rental income to his separate debt. Such application of rental income is not necessary in order to avoid the effect condemned in *Malone*, the consumption of the separate estate by the community. We therefore hold that principal payments on separate property debt are paid from net income rather than from gross income. This holding is also consistent with the method of calculating net income approved by the generally accepted accounting principles, which do not treat payments on the principal of a mortgage loan as an expense when calculating net income. Accordingly, the principal payments on Michael's farm loan in the amount of $27,022.67 were necessarily paid from the farm's net rental income. Consequently, the magistrate erred in determining that the community was not entitled to reimbursement.

**B. Proceeds from the Farm Equipment Sale**

Michael also argues on appeal that the magistrate was correct in concluding that the community is not entitled to reimbursement of the proceeds from the farm equipment sale because the proceeds were used to pay community obligations. In response, Beth asserts that Michael failed to adequately account for the use of the proceeds and should therefore be required to reimburse the community.

■ In a divorce proceeding, the magistrate, not this Court on appeal, resolves the conflicting evidence and determines the weight, credibility and inferences to be drawn from such evidence. *McAffee v. McAffee*, 132 Idaho 281, 287, 971 P.2d 734, 740 (Ct.App.1999). "The findings of the magistrate will be upheld if supported by substantial, competent though conflicting evidence. Factual findings that are not supported by substantial, competent evidence will be set aside as clearly erroneous." *Barton v. Barton*, 132 Idaho 394, 396, 973 P.2d 746, 748 (1999).

■ The net proceeds from the farm equipment sale amounted to $56,755.31. The magistrate expressly found that "a portion of the proceeds was used to purchase a pickup

as a graduation gift for the younger son of the parties and the remainder was used to pay community obligations." This finding is supported by substantial and competent evidence. Evidence of Michael's expenditure of the sale proceeds was introduced at trial in the form of copied checks. It is clear from the face of these copied checks that they were used by Michael to pay for such expenses as taxes, medical bills, loan payments, auto payments, and insurance and that $10,000 was sent to Beth. These copied checks evidence that Michael paid over $57,000 in expenses after the farm sale and before the divorce decree.[1] "[U]nless shown to the contrary, expenditures made and indebtedness incurred during the marriage are presumed to be for the benefit of the community." *Campbell v. Campbell,* 120 Idaho 394, 401, 816 P.2d 350, 357 (Ct.App.1991). Although the record shows that Michael's accounting practices may have been somewhat inexact, we conclude that the record is lacking of any evidence that the sale proceeds were consumed by Michael, separately, rather than on behalf of the community. Consequently, there has been no showing of error in the magistrate's determination that the community was not entitled to reimbursement of the proceeds from the farm equipment sale. The district court's reversal of the magistrate on this issue was erroneous.

## C. Attorney Fees

Beth requests attorney fees on appeal pursuant to I.C. § 12–121 and Idaho Appellate Rule 41. An award pursuant to I.C. § 12–121 is only appropriate if this Court is left with the abiding belief that the

appeal has been brought frivolously and without foundation. *Chicoine v. Bignall,* 127 Idaho 225, 228, 899 P.2d 438, 441 (1995). Michael has prevailed on one of the issues that he raised on appeal, and, therefore, his appeal cannot be deemed frivolous. Accordingly, we decline to award attorney fees on appeal.

### III.

### CONCLUSION

We hold that the principal payments on Michael's farm loan in the amount of $27,022.67 were necessarily paid from the farm's net rental income, and the magistrate erred in determining that the community was not entitled to reimbursement. We further hold that the magistrate was correct in determining that the community was not entitled to reimbursement of the proceeds from the farm equipment sale. The decision of the district court reversing the magistrate's property distribution is affirmed in part and reversed in part, and this matter is remanded for further proceedings. The parties are to bear their respective costs and attorney fees.

Judge LANSING, and Judge SCHWARTZMAN, concur.

---

1. This calculation is based only upon those checks that were dated after Michael received the farm sale proceeds.