## IN THE SUPREME COURT OF THE STATE OF IDAHO
### Docket No. 42744

H. PETER DOBLE II, M.D., an individual residing in the State of Idaho,

    Plaintiff-Appellant,

v.

INTERSTATE AMUSEMENTS, INC., an Idaho corporation,

    Defendant-Respondent,

and

DOES 1-50, inclusive,

    Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Boise, April 2016 Term

2016 Opinion No. 52

Filed: May 3, 2016

Stephen W. Kenyon, Clerk

---

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. Randy J. Stoker, District Judge.

District court order awarding attorney fees under Idaho Code Section 12-121, <u>affirmed.</u>

Marsh Rosa, LLP, Boise, for appellant. Angelo L. Rosa argued.

Worst, Fitzgerald & Stover, PLLC, Twin Falls, for respondent. David W. Gadd argued.

---

BURDICK, Justice

    H. Peter Doble II (Doble) appeals the Twin Falls County District Court's order awarding Interstate Amusements, Inc. (Interstate) attorney fees under Idaho Code section 12-121. The district court ruled that fees were appropriate under section 12-121 because Doble's claims were brought frivolously, unreasonably, and without foundation. We affirm.

1

# I. FACTUAL AND PROCEDURAL BACKGROUND

Interstate owned and operated a number of movie theaters throughout Magic Valley. As part of its business, Interstate marketed and sold vouchers known as "Cinema Cash." These vouchers were purchased in $1.00 increments and could be redeemed for movie tickets and concessions sold at Interstate's various theater locations. Each voucher was clearly marked with an expiration date after which the voucher was no longer redeemable. In or around December 2013, Doble attempted to redeem a Cinema Cash voucher at one of Interstate's movie theaters in Twin Falls. However, the voucher had passed its expiration date and was rejected by the ticket booth employee.

On March 28, 2014, Doble filed a Complaint against Interstate in which he alleged that the issuance of Cinema Cash violated Idaho's Consumer Protection Act (ICPA). Specifically, Doble alleged that the issuance of Cinema Cash with an expiration date violated the ICPA as an "unconscionable method, act or practice in the conduct of [a] trade or commerce" that "stands to outrage or offend the public conscience." Both parties filed motions for summary judgment. On June 23, 2014, the district court heard oral argument and granted summary judgment in favor of Interstate.

Thereafter, on October 14, 2014, the district court issued its Memorandum Opinion Re: Defendant's Claim for Costs and Attorney Fees. Noting that an award of fees was within its discretion, the district court found that Doble brought his action "frivolously, unreasonably, and without foundation" and awarded Interstate attorney fees under Idaho Code section 12-121. The district court then entered an amended judgment stating: "The defendant, Interstate Amusement, Inc., shall recover from the plaintiff costs in the amount of $320.44 and attorney's fees in the amount of $7,972.50, for a total of $8,292.94."

# II. ANALYSIS

Doble claims that his action is not frivolous because his case is about protecting consumers from predatory practices and is based on existing law under the ICPA and a good faith argument for the extension of existing law. The district court found that Doble's claim was not supported by existing law and that Doble's arguments for an extension of existing law were unfounded and unreasonable. The district court was correct.

**A. The district court did not abuse its discretion when it awarded attorney fees under Idaho Code section 12-121.**

"This court has held that in deciding whether an award of attorney's fees is proper, 'the sole question is whether the losing party's position is so plainly fallacious as to be deemed frivolous, unreasonable, or without foundation.' " *Auto. Club Ins. Co. v. Jackson*, 124 Idaho 874, 879, 865 P.2d 965, 970 (1993) (quoting *Sun Valley Shopping Ctr., Inc. v. Idaho Power Co.*, 119 Idaho 87, 92, 803 P.2d 993, 998 (1991)). "The district court's determination as to whether an action was brought or defended frivolously will not be disturbed absent an abuse of discretion." *Idaho Military Historical Soc'y, Inc. v. Maslen*, 156 Idaho 624, 629, 329 P.3d 1072, 1077 (2013) (citing *Anderson v. Ethington*, 103 Idaho 658, 660, 651 P.2d 923, 925 (1982)). In determining whether the district court abused its discretion, "this Court conducts a three-step inquiry: (1) whether the trial court properly perceived the issue as one of discretion; (2) whether that court acted within the outer boundaries of such discretion and consistently with any legal standards applicable to specific choices; and (3) whether the court reached its decision by the exercise of reason." *Id.*

Doble's claim is based on the ICPA. The purpose of the ICPA is not to protect consumers from unwise purchases, but to protect consumers from unfair and deceptive practices. *White v. Mock*, 140 Idaho 882, 890, 104 P.3d 356, 364 (2004). In district court, Doble claimed that Interstate's sale of Cinema Cash was "misleading, false, or deceptive to the consumer" and violated the ICPA as an "unconscionable method, act or practice in the conduct of trade or commerce" that "stands to outrage or offend the public conscience." However, as the district court noted, Doble presented no evidence that Interstate's Cinema Cash program was fraudulent, deceptive, or misrepresentative in any manner. Indeed, the evidence indicates that the vouchers were clearly marked with expiration dates. Moreover, Doble failed to offer any evidence that he actually purchased the rejected vouchers.[1] We have consistently held that claims unsupported by evidence are frivolous and without foundation, *e.g.*, *Stevenson v. Windermere Real Estate/Capital Group Inc.*, 152 Idaho 824, 830, 275 P.3d 839, 845 (2012); *Kiebert v. Goss*, 144 Idaho 225, 228–29, 159 P.3d 862, 865–66 (2007), and that claims brought under the ICPA must

---

[1] There is no evidence in the record that Doble purchased the Cinema Cash vouchers he attempted to redeem in December 2013. Counsel for Doble was specifically asked about this during oral argument to which counsel responded that Doble had stated in his affidavit that he purchased the vouchers in question. However, a review of the affidavit only reflects that Doble purchased Cinema Cash in early March 2014, well after the alleged rejection of the vouchers in 2013.

3

be based on a contractual relationship. *Taylor v. McNichols*, 149 Idaho 826, 846, 243 P.3d 642, 662 (2010) ("[T]he aggrieved party must have been in a contractual relationship with the party alleged to have acted unfairly or deceptively." (citing I.C. 48-608(1) ("Any person who purchases or leases goods or services and thereby suffers . . . ."))). By failing to support his claim with competent evidence, Doble's claim lacked proper foundation; and the district court acted within the bounds of its discretion and consistently with the applicable legal standards by so ruling.

Doble attempts to save his argument by asserting that the issue of whether gift vouchers can include expiration dates is an issue of "first impression" and that by virtue of such designation his argument was not frivolous or unreasonable. Doble is correct in asserting that this is an issue of first impression in Idaho, but only because Idaho law does not provide a cause of action for the selling of gift vouchers with expiration dates. As the district court noted, Idaho has "no such legislative enactments. Nor does Idaho have any case law from which a credible argument could be made to permit this cause of action." Doble argues that other states have statutorily banned the issuance of gift vouchers with expiration dates and the ICPA should be interpreted to ban such vouchers as well. However, while it is true that the courts are permitted to look to the law of other states for guidance in determining the meaning of a statute, a court may not amend a statute to included offenses not listed therein. *Thomas v. Riggs*, 67 Idaho 223, 228, 175 P.2d 404, 407 (1946) ("The legislature, and the legislature only, under our constitution, has power to legislate."). If the legislature decides to follow the lead of other states and enact a provision that prohibits the expiration of vouchers or gift certificates it is obviously free to do so, the courts, however, are not. *See, e.g.*, *In re Dampier*, 46 Idaho 195, 207, 267 P. 452, 455 (1928) ("This court is limited to the declaration of the intent of the Legislature, and can neither legislate nor by construction of the statute enlarge the words to include other conduct of like, equal, or greater atrocity, simply because it may be within the same mischief to be remedied, when it is not fairly included in the language of the act."). Thus, the district court's finding that Doble's argument to expand Idaho's law was unreasonable was also within the bounds of its discretion and consistent with applicable legal standards.

Therefore, because the district court: (1) recognized that an award of fees under section 12-121 was subject to its discretion; (2) found that under the applicable legal standards Doble failed to support his claim with any evidence that would constitute a violation of existing law or

to make a well grounded argument for the extension of existing Idaho law; and (3) supported its findings with clear and well-articulated reasoning, we hold that the district court did not abuse its discretion in awarding fees under Idaho Code section 12-121.[2]

**B. Attorney fees and costs on appeal**.

Interstate requests fees on appeal under Idaho Code section 12-121. "Under I.C. § 12-121, attorney fees are awarded to the prevailing party if the court is left with the belief that the proceeding was brought, pursued or defended frivolously, unreasonably, or without foundation." *Harris v. State, ex rel. Kempthorne*, 147 Idaho 401, 406, 210 P.3d 86, 91 (2009). Further, "Under I.C. § 12–121, a party is entitled to attorney's fees if the appeal merely invites the appellate court to second guess the trial court on the weight of evidence." *Kelley v. Yadon*, 150 Idaho 334, 338, 247 P.3d 199, 203 (2011).

Doble's argument about the district court's award of attorney fees is simply inviting the Court to re-weigh the evidence Doble presented to the district court. Doble's claim that this case is about protecting consumers from predatory practices misses the mark. The question is, as Doble himself asserts, whether "Interstate acted lawfully in issuing such vouchers and then refusing to redeem them;" and as the district court pointed out, Doble presented no evidence or law to support a claim that the ICPA or other existing Idaho law was violated, nor did he present a good faith argument for the extension of Idaho law. Doble's argument is nothing more than an appeal for the courts to extend the law "to include other conduct" that, while prohibited in the statutes of other states, is "not fairly included in the language of the [ICPA]." It is well settled law that the courts will not engage in such activity. *See, e.g.*, *In re Dampier*, 46 Idaho at 207, 267 P. at 455. Accordingly, we hold this appeal to be "frivolous, unreasonable, and without foundation" and award costs and fees to Interstate.

### III. CONCLUSION

For the foregoing reasons the judgment of the district court is affirmed. Fees and costs on appeal to Interstate.

Chief Justice J. JONES and Justices EISMANN, W. JONES and HORTON, **CONCUR.**

---

[2] We note that Idaho Code section 48-608(5) specifically provides for attorney fees in cases arising under the ICPA. However, neither party addressed the applicability of section 48-608(5) in their briefs or oral arguments to the Court. Thus, our decision today in no way forecloses any arguments regarding the applicability or exclusivity of that section in awarding attorney fees in cases arising under the ICPA.