# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 45880

In the Matter of Adoption by Step-Parent of:  )
JOHN DOE.                                       )
---------------------------------------------- )  **Boise, November 2018 Term**
JANE DOE I,                                     )
                                                )  **Opinion filed: December 19, 2018**
      Petitioner-Respondent,             )
                                                )  **Karel A. Lehrman, Clerk**
v.                                              )
                                                )
JANE DOE (2018-16),                             )
                                                )
      Respondent-Appellant.              )

Appeal from the Magistrate Court of the Seventh Judicial District of the State of Idaho, Butte County, Hon. Ralph L. Savage, Magistrate Judge.

The judgment of the magistrate court is <u>reversed and remanded</u>.

Williams, Meservy & Lothspeich, LLP, Jerome, for Appellant. Brian J. Williams argued.

Jane Doe I, Arco, Respondent *pro se*.

_____

HORTON, Justice.

This is an appeal from a decision of the magistrate court denying a motion by Jane Doe (Mother), the biological mother of an adult, mentally-incapacitated child (Son) to set aside a decree of adoption declaring Jane Doe I (Step-Mother) to be a parent of Son. The decree was entered upon the joint petition for adoption filed by Son's biological father (Father) and Step-Mother. Mother was not given notice of the proceedings. Upon learning of the adoption, she filed a motion to set aside the decree pursuant to Idaho Rule of Civil Procedure 60(b). Father and Step-Mother did not respond to Mother's 60(b) motion, which the magistrate court denied. In this direct appeal from the decision of the magistrate court, Mother argues that the lower court erred in denying her motion because notice to Mother and her consent was required. We reverse and remand.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Mother and Father were never married. Son was born in 1996. When Son was nine years old he was diagnosed with adrenoleukodystrophy leaving him severely cognitively impaired. At the time of these proceedings, Mother lived in New Hampshire and Son resided with Father and Step-Mother in Arco, Idaho.

On July 20, 2017, Father and Step-Mother jointly petitioned the magistrate court to permit Step-Mother to adopt Son. According to the petition: "This Petition is for an adoption, and does not seek to terminate the natural mother's parental rights, such as they are." Although the petition asserted that Father consented to the adoption, Father's consent did not substantially comply with the statutory form prescribed in Idaho Code section 16-2005(4) as required by Idaho Code section 16-1506(3).[1] Mother was not provided notice of the adoption proceedings and consequently her consent was neither sought nor given.

At the hearing on the petition, the magistrate was informed that Mother had not been notified of the proceedings.[2] Despite this, the magistrate found that "I've got everybody here that needs to be here for the purposes of making a—giving a consent in this particular case." The magistrate court found that while Son's consent would normally be needed for his adoption, pursuant to Idaho Code section 16-1504(1)(a), Son's mental impairment obviated this requirement. The magistrate court then entered the decree of adoption granting Father and Step-Mother's petition. The decree ordered that Son's name be changed, that a new birth certificate be issued showing Step-Mother as Son's parent, and that Son would be "regarded and treated in all respects as [Step-Mother's] child."

After Mother was informed of the adoption, she filed a notice of appeal to this Court and a motion to set aside the decree of adoption with the magistrate court pursuant to Idaho Rule of Civil Procedure 60(b). We stayed appellate proceedings pending resolution of the pending Rule 60(b) motion.

---

[1] Father's purported consent was silent as to relinquishment of parental rights. I have previously discussed the lingering problems with this statutory scheme in step-parent adoptions. *See In re Adoption of Doe*, 156 Idaho 345, 351–52, 326 P.3d 347, 353–54 (2014) (Horton, J., specially concurring).

[2] The magistrate court inquired whether Mother had been given notice of the proceedings. Father responded: "No, sir, Your Honor. We actually hired an attorney in Idaho Falls to draw up the paperwork, and he informed us that, in an adult adoption, that was not necessary or required." The magistrate court then proceeded to grant the petition.

After hearing Mother's motion, the magistrate court issued a written decision. Mother had argued that because her consent was required by Idaho Code section 16-1504(1)(c), she was entitled to notice by operation of Idaho Code section 16-1505(1)(a). The magistrate court noted the discrepancy between Idaho Code section 16-1504's treatment of children of wed and unwed parents and found "no rational explanation for this distinction." The magistrate court observed the statute's unique history and interpreted it to "not require the consent of either parent[] for an adult adoption." The magistrate court denied Mother's motion because: "Since no notice [was] required, [Mother] has no basis to contest the lack of notice." Mother amended her original notice of appeal to include the magistrate court's decision on her 60(b) motion.

## II. STANDARD OF REVIEW

Because Mother argues that her lack of required notice and consent renders the decree of adoption void, we freely review the magistrate court's decision to deny Mother's motion to set aside the judgment. *Berg v. Kendall*, 147 Idaho 571, 576, 212 P.3d 1001, 1006 (2009). "[W]here nondiscretionary grounds are asserted, the question presented is one of law, upon which the Court exercises free review." *Id.*

Additionally, we exercise free review over questions of law and matters of statutory interpretation. *W. Cmty. Ins. Co. v. Burks Tractor Co., Inc.*, 164 Idaho 215, 218, 428 P.3d 793, 796 (2018). This Court applies the plain meaning rule to the interpretation of statutes:

> Where a statute is clear and unambiguous, the expressed intent of the Legislature shall be given effect without engaging in statutory construction. The literal words of a statute are the best guide to determining legislative intent. Only where the language is ambiguous will this Court look to rules of construction for guidance and consider the reasonableness of proposed interpretations. Statutory language is not ambiguous merely because the parties present differing interpretations to the court. Rather, statutory language is ambiguous where reasonable minds might differ or be uncertain as to its meaning.

*Marquez v. Pierce Painting, Inc.*, 164 Idaho 59, 63–64, 423 P.3d 1011, 1015–16 (2018).

## III. ANALYSIS

The single issue before the Court is whether the magistrate court correctly denied Mother's motion to set aside the decree of adoption. The core of this issue is whether Mother was entitled to notice and her consent was required for Step-Mother to adopt Son.

### A. The magistrate court incorrectly denied Mother's motion to set aside the decree of adoption.

The magistrate court found that notice to Mother and her consent were not required to the petition for adoption. On appeal, Mother argues that Idaho law requires her notice and consent before any adoption of Son. The plain language of the current statutory scheme shows Mother to be correct.

We first addressed adult adoptions by step-parents in *Matter of Adoption of Chaney*, 126 Idaho 554, 887 P.2d 1061 (1995). There, an adult child sought to be adopted by her step-father and requested that her father's parental rights be terminated. *Id*. at 555, 887 P.2d at 1062. Over the father's objection, the magistrate court granted the petition for adoption, but did not terminate father's parental rights and did not address the consequence of the adoption to father. *Id*. We held that the consent requirements of Idaho Code section of 16-1504 did not apply. *Id*. at 556–57, 887 P.2d at 1063–64. We then concluded that, although Idaho Code section 16-1501 clearly permitted adult adoptions, the Legislature's failure to prescribe a procedure for such adoptions required us to vacate the order of adoption. *Id*. at 560, 887 P.2d at 1066.

In its next session, the Legislature responded by prescribing the procedure for adult adoptions by incorporating the procedures for adoption of minor children. 1996 Idaho Sess. L. ch. 195, §§ 1–5, pp. 610–14. The effect was to abrogate our decision in *Chaney*. Idaho Code section 16-1506 was amended by the addition of a new subsection (5), which provided, in pertinent part, that "[p]roceedings for the adoption of an adult shall be as provided in subsection (1) of this section and any consents required shall be executed as provided in subsection (2) of this section." 1996 Idaho Sess. L. ch. 195, § 3, p. 613. Over the years, Idaho's adoption statutes have been repeatedly amended, resulting in the addition of certain sections and the renumbering of various subsections, however, the legislative direction that Idaho Code section 16-1501(1) shall govern proceedings for adult adoptions and that required consents be given has remained unchanged.

Thus, Idaho Code section 16-1506(6) now provides:

> Proceedings for the adoption of an adult shall be as provided in subsection (1) of this section and any consents required shall be executed as provided in subsection (3) of this section. Upon a finding by the court that the consent of all persons for whom consent is required has been given and that the requirements of section 16-1501, Idaho Code, have been proven to the satisfaction of the court, the court shall enter an order granting the adoption. In cases where the adult proposed to be adopted is incapacitated or disabled, the court may require that an investigation be performed. The form and extent of the investigation to be undertaken may be as provided in subsection (4) of this section, or as otherwise

ordered by the court. If an investigation is performed, the court must review and approve the findings.

Contrary to our holding in *Chaney*, required consents are a prerequisite to the adoption of an adult. Not only does Idaho Code section 16-1506(6) twice refer to required consent, this requirement is also found in Idaho Code section 16-1506(1) ("The petition shall set forth . . . the names of any person or agency whose consent to said adoption is necessary") and Idaho Code section 16-1506(3) ("Any person or persons whose consent is required shall execute such consent in writing, in a form consistent with the provisions of section 16-2005(4), Idaho Code").

These statutory references to required consents bring Idaho Code sections 16-1503 and 16-1504 into play, as these are the statutes addressing the consent required for adoptions to occur. Only Idaho Code section 16-1504 applies to the issue presented by this appeal. The statute provides, in pertinent part, as follows:

(1) Consent to adoption is required from:

(a) The adoptee, if he is more than twelve (12) years of age, unless he does not have the mental capacity to consent;

(b) Both parents or the surviving parent of an adoptee who was conceived or born within a marriage, unless the adoptee is eighteen (18) years of age or older;

(c) The mother of an adoptee born outside of marriage. . . .

As Son was born out of wedlock, Idaho Code section 16-1504(1)(c) applies to the present action.[3]

The requirement that Mother consent to Son's adoption triggered her right to notice, as Idaho Code section 16-1505 provides:

(1) Notice of an adoption proceeding shall be served on each of the following persons:

(a) Any person or agency whose consent or relinquishment is required under section 16-1504, Idaho Code, unless that right has been terminated by waiver, relinquishment, consent or judicial action, or their parental rights have been previously terminated . . .

Thus, the magistrate court erred in its conclusions that Mother's consent was not required and that she was not entitled to notice of the adoption proceeding. Therefore, we reverse the

---

[3] The magistrate court noted the inconsistent treatment of the children of wed and unwed parents and likely performed a reasonable job of determining the probable will of the Legislature. However, the statute's plain language ends our inquiry.

magistrate court's order denying Mother's Rule 60(b) motion, vacate the decree of adoption and remand for further proceedings consistent with this opinion.

**B. We decline to award attorney fees on appeal.**

Mother requests attorney fees on appeal pursuant to Idaho Code section 12-121 on the basis that Father and Step-Mother's petition was based upon a "blatant and obvious mistake and a failure to read and understand the law." Given the lack of clarity of the statutory scheme governing adult adoptions and our previous decision in *Chaney*, we are unable to conclude that Father and Step-Mother have frivolously defended this appeal. Therefore, we do not award attorney fees on appeal.

## IV. CONCLUSION

We reverse the decision of the magistrate court denying Mother's motion to set aside the judgment, vacate the decree of adoption and remand for further proceedings consistent with this opinion. We award Mother costs, but not attorney fees, on appeal.

Chief Justice BURDICK, and Justices BRODY, BEVAN and STEGNER **CONCUR.**