# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 46926

In the Matter of the Estate of:
Michael Orion Brown, Deceased.

------------------------------------------------------------

CAROL MCCOY BROWN,

    Petitioner-Appellant,

v.

MICHAEL J. BROWN and DORRAINE S.
POOL,

    Respondents-Respondents on Appeal.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Boise, January 2020 Term

Opinion Filed: March 26, 2020

Karel A. Lehrman, Clerk

---

Appeal from the District Court of the Fourth Judicial District of the State of Idaho, Valley County. Jason D. Scott, District Judge.

The decision of the district court is affirmed.

White Peterson Gigray & Nichols, P.A., Nampa, for appellant. Marc J. Bybee argued.

Canyon River Law, LLP, Twin Falls and RandsLaw, PLLC, Twin Falls, for respondents. Kirk A. Melton argued.

---

BRODY, Justice.

This case arises from Carol McCoy Brown's petition for an elective share of her decedent husband's augmented estate. When Carol Brown's husband, Michael Orion Brown (the decedent), died intestate, she discovered that he had set aside multiple payable on death (POD) accounts for his children and grandchildren from a prior marriage. Carol Brown filed a petition to recover a portion of the POD funds as part of the decedent's augmented estate. The decedent's children, Dorraine S. Pool and Michael J. Brown (the Heirs), challenged the petition. The magistrate court denied Carol Brown's petition, concluding that she had not met her burden of demonstrating that the POD funds were quasi-community property as required by the elective share statutes. Carol Brown appealed to the district court. The district court affirmed the magistrate court's denial of the petition, and granted the Heirs attorney fees pursuant to Idaho

1

Code section 12-121. We affirm the district court's decision.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Carol Brown married the decedent in 1991. At the time of their marriage, they both worked for the United States Forest Service. The decedent retired in 1995. After retirement, the decedent began receiving a monthly federal retirement benefit. At the time of his death, the decedent's monthly retirement benefits were approximately $4,300. Carol Brown and the decedent maintained a joint checking account, while each of them also individually maintained separate personal accounts. The decedent's monthly retirement benefits were deposited directly into a personal checking account. Typically, the decedent transferred $2,000 of his retirement benefits every month into the couple's joint checking account. Carol Brown also contributed salary and retirement benefits to their joint checking account.

The decedent died on December 4, 2016. He was survived by Carol Brown, the Heirs (two children from a prior marriage), and four grandchildren (the Heirs' children). After his death, Carol Brown discovered that the decedent had several POD accounts naming the Heirs and the Heirs' children as beneficiaries. The decedent did not leave a will, and Carol Brown alleged that the decedent created these POD accounts and beneficiary designations without her knowledge. Carol Brown asserted that because the decedent had no other source of income during their marriage, the POD accounts must have been funded from the decedent's retirement benefit. The Heirs and their children received approximately $385,836 from the POD accounts after his death.

Approximately ten days after the decedent's death, Carol Brown initiated probate proceedings and was appointed as his personal representative. Two months later, Carol Brown filed a petition for an elective share of decedent's augmented estate pursuant to Idaho Code sections 15-2-202, 15-2-203, and 15-2-205. In her petition, she alleged that the funds in the POD accounts were presumptively community property or quasi-community property of the decedent's augmented estate under Idaho law and as the surviving spouse, she was entitled to an elective share of the accounts. Simultaneously with her petition, Carol Brown filed a motion for a temporary restraining order and a preliminary injunction to prevent any more distributions and to prevent the Heirs from moving the funds already transferred. Subsequently, the magistrate court issued a temporary restraining order, but later denied Carol Brown's motion for a preliminary injunction. After she filed her petition for an elective share, Carol Brown filed a

petition for restoration, seeking to have the disputed funds returned to the estate for administration and determination of her elective share. The magistrate court denied the petition for restoration, making a preliminary finding that any elective share of the decedent's augmented estate was already offset by the wealth she received from the decedent during their marriage.

The Heirs opposed Carol Brown's petition for an elective share. In opposition to the petition, the Heirs argued that: (1) Carol Brown failed to carry her burden of proving her elective share because she did not establish that the disputed funds were quasi-community property; (2) the disputed funds were separate property and not part of the augmented estate; and (3) even if the disputed funds were included in the augmented estate, Carol Brown's elective share was satisfied by gifts the decedent made during the course of their marriage.

The magistrate court held a hearing on Carol Brown's petition for an elective share. At the hearing, Carol Brown did not present *any* witnesses or evidence, and stated that she intended to "rest on the pleadings and the record" filed in the case. In clarifying this position, Carol Brown argued that the disputed funds were community property. She argued that Idaho's community property presumption applied, meaning that the disputed funds were presumed to be community property and that the Heirs bore the burden of proving that the disputed funds were separate property. Further, despite the elective share statutes only referencing "quasi-community" property, Carol Brown argued that "there is no meaningful distinction between quasi-community property and community property" and that the elective share statutes could be used to include community property in the augmented estate. Conversely, the Heirs maintained that Carol Brown bore the burden of demonstrating what disputed funds were quasi-community property before claiming an elective share of the augmented estate, and that she failed to meet that burden. Unlike Carol Brown, the Heirs presented evidence at the hearing, calling Carol Brown and Dorraine Pool as witnesses.

The magistrate court denied Carol Brown's petition for an elective share. In denying the petition, the magistrate court concluded that Carol Brown failed to prove that the disputed funds were quasi-community property as required by the elective share statutes. While the magistrate court concluded that Carol Brown's failure to prove her claim was fatal to her petition, it further concluded that the Heirs proved that the disputed funds were "almost entirely" separate property. Additionally, the magistrate court concluded that, even if Carol Brown demonstrated that the disputed funds were quasi-community property, any quasi-community property interest she had

was offset by wealth that the decedent transferred to Carol Brown during their marriage.

Carol Brown appealed the magistrate court's order to the district court. On appeal to the district court, Carol Brown argued that the magistrate court erred in: (1) denying her request to restore the disputed funds to the decedent's estate; (2) failing to apply the community property presumption to the decedent's assets; (3) finding that the disputed funds derived primarily from the decedent's retirement income; (4) finding that the decedent's retirement income was separate property; (5) offsetting her purported elective share amount by lifetime gifts of separate property from the decedent; and (6) awarding the Heirs discretionary costs. At a hearing before the district court, Carol Brown again asserted that the community property presumption should apply to the disputed funds and that she had no burden to show that they were quasi-community property. When asked by the district court whether she had proven that the disputed funds were quasi-community property in the magistrate court, Carol Brown responded: "No, we do not claim that it was quasi-community property."

The district court affirmed the magistrate court's order, holding that Carol Brown failed to prove that the disputed funds constituted quasi-community property. The district court concluded that the elective share statute under which Carol Brown sought relief only encompasses quasi-community property, not community property. The district court further concluded that Carol Brown sought recovery of community property, and that "Idaho law provides a different vehicle—not the elective share statutes—for forcing the return of community property." Because Carol Brown failed to prove that the disputed funds were quasi-community property, the district court affirmed the district court's denial of her petition. The district court also awarded the Heirs attorney fees pursuant to Idaho Code section 12-121, determining that Carol Brown "brought and pursued this appeal frivolously, unreasonably, or without foundation." Carol Brown timely appealed.

## II.     STANDARD OF REVIEW

When reviewing the decision of a district court sitting in its capacity as an appellate court:

> The Supreme Court reviews the trial court (magistrate) record to determine whether there is substantial and competent evidence to support the magistrate's findings of fact and whether the magistrate's conclusions of law follow from those findings. If those findings are so supported and the conclusions follow therefrom and if the district court affirmed the magistrate's decision, we affirm the district court's decision as a matter of procedure.

*Portfolio Recovery Assocs., LLC v. MacDonald*, 162 Idaho 228, 231, 395 P.3d 1261, 1264 (2017) (quoting *Losser v. Bradstreet*, 145 Idaho 670, 672, 183 P.3d 758, 760 (2008)). "Thus, this Court does not review the decision of the magistrate court." *Pelayo v. Pelayo*, 154 Idaho 855, 859, 303 P.3d 214, 218 (2013). "Rather, we are 'procedurally bound to affirm or reverse the decisions of the district court.'" *Id.* (quoting *State v. Korn*, 148 Idaho 413, 415 n.1, 224 P.3d 480, 482 n.1 (2009)).

## III.  ANALYSIS

### A. The district court did not err in affirming the denial of Carol Brown's petition for an elective share of the decedent's augmented estate.

Carol Brown states in her reply brief that her "position was that the funds [in the POD accounts] were either community property or quasi-community property, that the community presumption should apply in either case, and that it was not her burden to prove the funds were community property, but the Heirs' burden to prove they were separate property." The district court rejected this position, holding that the elective share statutes under which Carol Brown filed her petition apply only to quasi-community property, that she admitted to failing to prove the existence of quasi-community property, and that the community property presumption likely only comes into play in the elective share statutes after the existence of quasi-community property has been proven. We agree with the district court and affirm the denial of Carol Brown's petition.

#### 1.  The need for Idaho's elective share statutes.

Before addressing Carol Brown's arguments on appeal, a discussion of community property and quasi-community property in relation to Idaho's elective share statutes is warranted. The term "elective share" is frequently used in common law property systems ("common law" is synonymous with non-community property jurisdictions) as a mechanism to ensure that a decedent does not completely disinherit a surviving spouse. Howard S. Erlanger & Gregory F. Monday, *The Surviving Spouse's Right to Quasi-Community Property: A Proposal Based on the Uniform Probate Code*, 30 Idaho L. Rev. 671, 671–72 (1994). In a community property jurisdiction, the elective share is considered unnecessary because the surviving spouse has a vested ownership interest in half of the assets held by the spouse. *Id.* at 672. However, couples who acquire property in a non-community property jurisdiction and migrate to a community property jurisdiction later in life are not always protected by their new jurisdiction's community property scheme. *Id.* For those couples, "the core community property system provides no

protection to a non-titled spouse with regard to quasi-community property—property acquired with earnings during the marriage, *but before the couple lived in a community property jurisdiction.*" *Id.* (emphasis added). This is because in non-community property jurisdictions, the interest in the property vests in the acquiring spouse regardless of whether the property would be considered a product of the marriage under a community property system. *Id.* at 675. Thus, the concept of quasi-community property is meant to protect a surviving spouse who acquired martial community property in a separate, non-community property jurisdiction before migrating and settling in a community property jurisdiction. *See id.* Many community property jurisdictions, including Idaho, have adopted quasi-community property elective share statutes to address this very issue. *Id.* Generally, these statutes allow a surviving spouse to petition for an elective share, or a portion, of the quasi-community property held by the decedent that would otherwise be unavailable to the surviving spouse at common law. *Id.* at 672–73. This type of election is not necessary for couples who have remained in community property jurisdictions throughout their marriage, because each spouse already has a vested interest in one-half of the community property. *Id.* at 676.

Idaho is a community property state. I.C. § 32-903. In Idaho, "all property owned by a spouse before marriage and property acquired after marriage with the proceeds of separate property remain that spouse's separate property." *Id.*; *Baruch v. Clark*, 154 Idaho 732, 737, 302 P.3d 357, 362 (2013). All other property acquired after marriage—including income on separate property—is community property. I.C. § 32-906; *Baruch*, 154 Idaho at 737, 302 P.3d at 362. All property acquired during marriage is presumed to be community property. *Baruch*, 154 Idaho at 737, 302 P.3d at 362; *Barton v. Barton*, 132 Idaho 394, 396, 973 P.2d 746, 748 (1999). A "party wishing to show that assets acquired during marriage are separate property bears the burden of proving with reasonable certainty and particularity that the property is separate property." *Baruch*, 154 Idaho at 737, 302 P.3d at 362 (citing *Barton*, 132 Idaho at 396, 973 P.2d at 748).

Idaho's quasi-community property statutes appear in a separate section of the Idaho Code from community property. *See* I.C. § 15-2-201. Whereas community property is defined in Idaho Code section 32-906, which deals with domestic relations, quasi-community property is defined in Idaho's version of the Uniform Probate Code. Quasi-community property is defined as:

[A]ll personal property, wherever situated, and all real property situated in this

state which has heretofore been acquired or is hereafter acquired by the decedent while *domiciled elsewhere* and *which would have been the community property of the decedent and surviving spouse had the decedent been domiciled in this state* at the time of its acquisition[.]

I.C. § 15-2-201(b) (emphasis added).

Idaho's elective share statutes—the statutes under which Carol Brown brought her petition—are couched only in terms of quasi-community property. *See* I.C. §§ 15-2-201–203. The language used in the statutes is logical, given that Idaho is a community property state, affording surviving spouses an ownership interest in assets held by the spouse at common law. *See* Erlanger & Monday, *supra*, at 672. Also, Idaho offers a common law vehicle for surviving spouses to claim a portion of community property, separate from the elective share statutes. *See Estate of Hull v. Williams*, 126 Idaho 437, 444, 885 P.2d 1153, 1160 (Ct. App. 1994) (citing *Anderson v. Idaho Mut. Benefit Ass'n*, 77 Idaho 373, 378, 292 P.2d 760, 763 (1956)) (providing that a non-consenting surviving spouse may set aside a unilateral community property gift to claim a one-half interest).

The elective share statutes at issue here allow a surviving spouse to petition a probate court for an elective share of the "total augmented quasi-community property estate[.]" I.C. § 15-2-203(a). A surviving spouse may request that property be restored to the augmented estate when a married person transfers "quasi-community property to a person other than the surviving spouse without adequate consideration and without the consent of the surviving spouse[.]" I.C. § 15-2-202. "The right of the surviving spouse in the augmented quasi-community property estate shall be elective and shall be limited to one-half (1/2) of the total augmented quasi-community property estate[.]" I.C. § 15-2-203(a). "A surviving spouse makes an election of the augmented estate by filing a petition for an elective share." I.C. § 15-2-205(a). The comments of Idaho Code section 15-2-201 state that "[t]he *surviving spouse* rather than the executor or the probate court has the burden of asserting an election, as well as the burden of *proving the matters which must be shown in order to make a successful claim* to more than he or she has received." I.C. § 15-2-201 cmt. (emphasis added). Thus, for a surviving spouse to petition successfully for an elective share of the augmented estate, the statutory scheme requires her to identify the quasi-community property to be restored to the augmented estate so that her portion of the total augmented estate can be determined. *See* I.C. §§ 15-2-201–203.

## 2. Quasi-community property and community property are distinct legal terms in the elective share statutes.

Carol Brown argues that the elective share statutes apply to both quasi-community property and community property. Given that the elective share statutes, on their face, apply only to "quasi-community property" this Court would have to hold that there is no distinction between these two terms for her argument to succeed. We disagree with her position.

The elective share statute defines "quasi-community property" in Idaho Code section 15-2-201(b). Quasi-community property is:

> [A]ll personal property, wherever situated, and all real property situated in this state which has heretofore been acquired or is hereafter acquired by the decedent while *domiciled elsewhere* and *which would have been the community property of the decedent and surviving spouse had the decedent been domiciled in this state* at the time of its acquisition[.]

I.C. § 15-2-201(b) (emphasis added). This definition does not equate quasi-community property and community property. The definition does reference community property, but its reference supports a distinction. The definition requires that quasi-community property be real or personal property acquired by the decedent while domiciled outside of Idaho and "*which would have been the community property* of the decedent" had the decedent been domiciled in Idaho at the time of its acquisition. I.C. § 15-2-201(b) (emphasis added). The language "would have been . . . community property" demonstrates that quasi-community property is distinct from community property. Conversely, the definition of community property is all "other property [that is not separate property] acquired after marriage by either husband or wife." I.C. §§ 15-1-201(6), 32-906(1). This community property definition does not include the domicile requirement included in the quasi-community property definition. This Court has explained that we "cannot insert into statutes terms or provisions which are obviously not there." *Matter of Adoption of Chaney*, 126 Idaho 554, 558, 887 P.2d 1061, 1065 (1995), *superseded by statute on other grounds*, I.C. § 16-1506(6), *as recognized in Matter of Adoption of Doe*, 164 Idaho 482, 432 P.3d 31 (2018). Equating community property to quasi-community property would insert a term into the elective share statutes which is not included in their text.

Notwithstanding the express language of the elective share statutes, Carol Brown asserts that Idaho's property system only recognizes two categories of property: community and separate. She argues that quasi-community property is not treated differently under the law from community property because it is "simply a form of community property." This argument is not

8

well taken. The elective share right in Idaho only applies "to protect a surviving spouse from not receiving an equitable or fair share of the decedent's estate *when a couple has relocated to Idaho from a separate property state*." *See* Nat'l Bus. Inst., *A Practical Guide to Estate Administration in Idaho* 105 (2005) (emphasis added). Separate property states (common law, non-community property states) generally have forced shares such as dower or curtesy. *Id.* Idaho, however, abolished dower and curtesy, leaving Idaho Code section 15-2-201 *et seq.*, as the surviving spouse's vehicle for claiming a share of property acquired in a non-community property state. *Id.*; *see also* I.C. § 32-914.

Idaho offers a separate vehicle—outside of the elective share statute—for forcing the return of community property to a surviving spouse. In Idaho, "one spouse may not make a gift of community property without the consent of the other." *Williams*, 126 Idaho at 444, 885 P.2d at 1160 (citing *Anderson*, 77 Idaho at 378, 292 P.2d at 763). "If one spouse *unilaterally* attempts to give away community property during the life of the grantor, the *non-consenting spouse may set aside the gift entirely*." *Id.* (emphasis added). After the death of the grantor spouse, "the gift may be avoided only to the extent of the non-consenting spouse's one-half interest." *Id.* Therefore, there is a common law remedy available to claim a share of disputed community property outside of the elective share statutes, and there is no policy justification to support Carol Brown's interpretation of the elective share statutes. The elective share statutes can only be used to recover quasi-community property.

**3. Carol Brown's claim of quasi-community property fails because there has been no showing that the disputed property was acquired by the decedent outside the state of Idaho.**

It is a well understood tenet of Idaho law that all property acquired during marriage is presumed to be community property. *Baruch*, 154 Idaho at 737, 302 P.3d at 362. In shorthand, we call this tenet the "community property presumption." Carol Brown contends that the district court erred by holding that the community property presumption has no application in a case involving quasi-community property. Simply put, this is not what the district court held. The district court expressly stated in its memorandum decision that the community property presumption *likely* has a limited role under the elective share statutes. The district court refused to apply the presumption because Carol Brown failed to prove even the first requirement of a quasi-community property claim—that the disputed property was acquired outside the state of Idaho. We agree with the district court's refusal to apply the presumption.

9

As explained previously, the elective share statutory scheme refers to community property in the definition of quasi-community property:

> [A]ll personal property, wherever situated, and all real property situated in this state which has heretofore been acquired or is hereafter acquired by the decedent while *domiciled elsewhere* and *which would have been the community property of the decedent and surviving spouse had the decedent been domiciled in this state* at the time of its acquisition[.]

I.C. § 15-2-201(b) (emphasis added). Under this provision, if the community property presumption plays a role, it is only where the petitioner is required to prove that the disputed property "would have been" community property had it been acquired in Idaho. Before we get to the issue of whether the disputed property would constitute community property under Idaho law, however, the petitioner must prove that the disputed property was acquired out of state. The comments to Idaho Code section 15-2-201 make it clear that the surviving spouse has the burden of proving "the matters which must be shown in order to make a successful claim." I.C. § 15-2-201 cmt. Here, as the district court concluded, Carol Brown failed to carry her initial burden of proof. In fact, Carol Brown failed to present any evidence in the magistrate court, let alone evidence that the disputed funds were acquired by the decedent while domiciled outside of Idaho.

Given the failure of proof in this case, we do not reach the issue of whether the community property presumption applies in a case where a spouse is seeking to recover property that was acquired while the couple was living out of state. While most commentators argue for a strong presumption of traditional community property, at least one commentator has argued that "a less strong presumption may be appropriate for quasi-community property, at least for the period before the spouses had notice that a system of this type would apply." Erlanger & Monday, *supra*, at 686 n.66. In this case, the district court did not err in holding that the community property presumption does not apply to Carol Brown's petition for an elective share because of the failure of proof.

**B. The district court did not err in declining to rule on the alternative bases ruled on by the magistrate court.**

Carol Brown argues that the district court erred in limiting its decision to the question of whether the elective share statutes apply to only quasi-community property and whether the community property presumption applies to quasi-community property. The district court recognized that the magistrate court made alternative rulings. After concluding that Carol Brown

failed to prove that the disputed funds were quasi-community property, the magistrate court, found that—even though the Heirs did not have a burden to "disprove" Carol Brown's elective share petition—the Heirs had provided sufficient evidence to prove that the disputed funds were the decedent's separate property, and even if they weren't, she received far more than her interest in community assets. Carol Brown argues that these alternative rulings—and the district court's failure to review them—were error. We disagree.

At the outset, the scope of Carol Brown's initial petition is critical to this issue. Carol Brown's argument asserts that the magistrate court rejected and the district court declined to review a *community property* claim. Crucially, Carol Brown's initial petition did not assert a community property claim. Rather, she petitioned the magistrate court for an *elective share of quasi-community property in the decedent's augmented estate* pursuant to Idaho Code sections 15-2-202, 203, and 205. As outlined above, there are separate vehicles for claiming a share of probate property. A claim for an elective share of the augmented estate brought under Idaho Code sections 15-2-201, 202, and 203 is specific to claims for quasi-community property. *See* I.C. § 15-2-202, 203(a). Conversely, there is a separate common law vehicle for claiming a share of community property given away during the marriage without the other spouse's consent. *See Williams*, 126 Idaho at 444, 885 P.2d at 1160. The district court noted this distinction in its opinion, concluding that Carol Brown's community property arguments in her intermediate appeal were "beyond the scope of this appeal because it is beyond the scope of the petition filed and pursued by [Carol Brown] and adjudicated by the magistrate [court]."

Given the scope of Carol Brown's initial petition, the district court did not err in declining to review the magistrate court's alternative analysis of the community property arguments. Where an appellate court holds that one issue is dispositive to the outcome of a case, the court does not err in dismissing alternative arguments that are not dispositive to the outcome. *See, e.g.*, *Dodge v. Bonners Ferry Police Dep't*, 165 Idaho 650,___, 450 P.3d 298, 302 (2019) (holding that because the court found failure to file a notice of a tort claim dispositive, the court need not address an alternative issue regarding a bond requirement). Here, the district court correctly found—in its appellate capacity—that Carol Brown failed to prove her petition for elective share. The district court found this failure of proof to be dispositive to the outcome of the intermediate appeal, and did not address the alternative community property arguments raised by Carol Brown. The district court stated:

11

> Because the magistrate [court] was right that [Carol Brown] was required, but failed, to prove that the monies in the POD accounts were "quasi-community property," there is no need to describe or review the alternative grounds for the decision. In particular, the [c]ourt expresses no opinion on the extent to which those monies were "community property" under Idaho law.

There is no error in the district court's analysis. Carol Brown failed to carry her burden of proof in demonstrating that the disputed funds were quasi-community property. Specifically, she failed to proffer evidence that the disputed funds were acquired outside of Idaho. Thus, her petition for elective share of quasi-community property failed for lack of proof. Because the quasi-community property issue is dispositive to Carol Brown's petition, the district court properly declined to address whether the disputed funds were community property under Idaho law. *See Dodge*, 165 Idaho at ___, 450 P.3d at 302.

Further, we decline to comment on the preclusive effect of the magistrate court's alternative community property analysis. Carol Brown argues that issue preclusion prevents her from bringing a common law community property claim in the wake of the magistrate court's order. The Heirs conceded at oral argument that the magistrate court's order did *not* have a preclusive effect for the purposes of issue preclusion. When asked at oral argument about whether the doctrine of issue preclusion prevented Carol Brown from seeking a community property award, the Heirs' counsel responded, "no, because she hasn't filed that claim . . . she hasn't brought [a community property] claim and it has not been adjudicated." Notwithstanding these statements from the Heirs, we decline to comment on the preclusive effect of the magistrate court's order with respect to any community property claim and we decline to comment on the effect of the Heirs' representations at oral argument regarding any preclusive effect. Accordingly, the district court did not err in failing to review the magistrate court's community property analysis.

### C. The district court did not err in awarding the Heirs attorney fees under Idaho Code section 12-121.

The district court awarded the Heirs attorney fees on appeal pursuant to Idaho Code section 12-121. Carol Brown challenges that award as an abuse of discretion. Specifically, she argues that the district court abused its discretion by awarding attorney fees in a case of first impression.

Idaho Code section 12-121 authorizes an award of attorney fees to a prevailing party when the "case was brought, pursued or defended frivolously, unreasonably or without

foundation." I.C. § 12-121. An award of attorney fees is reviewed for abuse of discretion. *In re Estate of Birch*, 164 Idaho 631, 633, 434 P.3d 806, 808 (2019). When determining whether the district court abused its discretion, this Court considers whether the district court (1) perceived the issue as one of discretion, (2) acted within the outer boundaries of that discretion, (3) acted consistently with the legal standards applicable to the specific choices available to it, and (4) reached its decision by an exercise of reason. *Lunneborg v. My Fun Life*, 163 Idaho 856, 863, 421 P.3d 187, 195 (2018).

The district court did not abuse its discretion in awarding attorney fees. The district court held that Carol Brown's elective share argument stretched "the language of Idaho's elective-share statutes well beyond their plain meaning, so as to cover a subject they simply don't cover." The district court relied on this Court's decision in *Doble v. Interstate Amusements, Inc.*, 160 Idaho 307, 309–10, 372 P.3d 362, 364–64 (2016), where section 12-121 attorney fees were granted because the non-prevailing party's "argument [was] nothing more than an appeal for the courts to extend the law to include other conduct that is not . . . fairly included in the language of the [statute]." *Id.* at 310, 372 P.3d at 364 (internal quotation marks omitted).

The statutory arguments Carol Brown presented to the district court are similar to the arguments presented to the court in *Doble*. Carol Brown's appeal asked the district court to stretch the language of the elective share statutes to apply to two separate and distinct legal terms. Further, she disputed the plain language of the statutory scheme and provided the district court with no authority supporting her position. Instead, she relied on a bald assertion—based on her strained interpretation of the statute—that the issue is a matter of first impression. Accordingly, the district court did not abuse its discretion in awarding the Heirs attorney fees pursuant to Idaho Code section 12-121.

### D. We award attorney fees on appeal to the Heirs.

The Heirs seek an award of attorney fees on appeal under Idaho Code sections 15-8-208 and 12-121. Idaho Code section 15-8-208 authorizes an award of attorney fees for proceedings governed by the Trust and Estate Dispute Resolution Act (TEDRA), *See* Idaho Code §§ 15-8-101 to 15-8-305. Here, Carol Brown did not file her petition pursuant to TEDRA, and as such its costs and fees provision is not applicable.

Regarding section 12-121, the Heirs contend that Carol Brown's appeal is frivolous because it is based on an argument to extend a statute beyond its plain meaning to issues that the

statute does not cover. We hold that an award of section 12-121 fees is appropriate in this case. The award is supported when looking at Carol Brown's evolving position since filing her petition. First, she argued that she had no burden to prove that the disputed funds were quasi-community property and—despite the plain language of the statute—that quasi-community property was no different than community property. She did not attempt to put on any evidence at the hearing before the magistrate court, and refuted the notion that she needed to prove anything beyond the fact that the decedent owned the disputed accounts. When the magistrate court rejected her claim because she failed to meet her burden under the statute, she further argued that the elective share statutes that she brought her original petition under included community property. The district court denied her appeal, explaining that the elective share statutes were not the appropriate vehicle to seek a share of community property. The district court further explained that a separate, common law vehicle existed to claim a share of community property. In her appeal to this Court, she continued to force a "square peg into a round hole" by arguing that the community property presumption should apply to quasi-community property. She raised this argument without any supporting authority, and despite the fact that she admitted to the district court that she was *not* claiming the disputed funds were quasi-community property. Given the various inconsistent legal positions she has taken without any supporting Idaho authority, we hold that Carol Brown's appeal meets all the requirements of Idaho Code section 12-121 because it is frivolous, unreasonable, and without foundation.

## IV.    CONCLUSION

In light of the foregoing, we affirm the district court's decision. Further, we award the Heirs reasonable attorney fees on appeal and costs pursuant to Rule 40 of the Idaho Appellate Rules.


Chief Justice BURDICK, and Justices BEVAN, STEGNER and MOELLER CONCUR.